The City of Ottawa *v.* Macy et al.

The City of Ottawa, Plaintiff in Error, *v.* George B. Macy *et al.,* Defendants in Error.

ERROR TO LA SALLE COUNTY COURT.

Where a statute directs that assessments for city improvements shall be made upon real estate in any natural division of the city benefited thereby, it is a limitation on the powers of the commissioners not to go out of a natural or obvious division, to make assessments; but having selected the area, then to assess such property in it, for taxation, as will most likely be benefited.

A notice to parties interested in the property assessed, which conforms to the law under which the city is incorporated, and to the city ordinance in that regard, will be sufficient, although it is general, to "all persons interested," to attend and make their objections to the confirmation of the assessment.

Where the city charter does not, but the ordinance passed under it does direct, that the collector shall make return of his warrant in thirty days, an omission to make the return within that time, will not make the proceedings void; such an ordinance is merely directory and for the benefit of the city council.

If the collector shall make a return that he could not find goods and chattels whereon to levy and collect the amount assessed, that will be conclusive of the fact stated. If the return is false, the officer is responsible.

This was an application by the collector of the city of Ottawa, to the County Court of La Salle county, for judgment against certain lots in that city, for assessments made on said lots for improving certain streets.

The delinquent list of the collector sets forth the lots within the limits of the city of Ottawa benefited by the improvement of La Salle street, the valuation of such lots and the sums of money assessed thereon, which remained due and unpaid.

The return of the collector is in the words and figures following:

I, Albert F Dow, city collector of the city of Ottawa, county and State aforesaid, certify that the above and foregoing list, upon which an assessment has been made for the purpose set forth in the caption hereof, and which remains un-

paid, is true, according to the best of my knowledge and belief, and that I have been unable to find goods and chattels of the owners thereof, upon which to levy and make good such assessment.

ALBERT F. DOW, *City Collector.*

The affidavit of the city clerk shows that no payments were made on said list from the date of said return up to February 23rd, 1858, the time of making application for judgment.

There is proof of publication of the notice of the application for judgment.

Such notice gives a description of the improvement, and of lots, and states in whose names they were assessed, the valuation, and the amount of assessment on each lot.

The objections interposed are as follows:

1st. Sec. 2, art. 8, of the city charter, under which the assessment was made, was unconstitutional.

2nd. The assessment was not uniform on all the real estate in the natural division of the city benefited.

3rd. The commissioners did not give sufficient notice of the time and place of making the assessment.

4th. The commissioners did not view the premises assessed.

5th. The city clerk did not give sufficient notice of the time and place of confirming the assessment.

6th. The collector's return does not show a demand made for the assessment of the owners of lots.

7th. The collector's return was made after the warrant had expired.

8th. Some of the lots assessed were owned by minors, and that no guardian was appointed, and no notice was served on the guardians of such minors.

9th. Some of the lots were church property and not subject to assessment.

10th. The proceedings in making the assessment were informal and insufficient in many respects.

On the hearing of the objections, the following notices were introduced, viz.:

### COMMISSIONERS' NOTICE.

Public notice is hereby given to all persons interested, that the undersigned, commissioners appointed by the city council of the city of Ottawa, to assess the sum of seven thousand six hundred and sixty-six dollars and fourteen cents on the real estate benefited by the graveling of La Salle street, from the south side of Main street to the canal bridge, and paving and curbing the gutters of the same, will meet at J. Avery's office, in said city, on the 25th day of July, 1857, at 9 o'clock, A. M., for the purpose of making such assessment.

HENRY J. REED,
GEO. WHIPPLE, } *Commissioners.*
SAML. B. GRIDLEY,

Ottawa, July 18th, 1857.

The certificate of the corporation printer shows that said notice was published in the number of the Ottawa *Free Trader* dated July 18th, 1857.

The commissioners' return shows that they met at the time and place in said notice specified, and made the assessment.

### ASSESSMENT NOTICE.

Public notice is hereby given to all persons interested, that the commissioners appointed by the city council of the city of Ottawa, to assess the sum of seven thousand six hundred and sixty-six dollars and fourteen cents on the real estate in the part of the city benefited by graveling of La Salle street, from the south side of Main street to the canal bridge, and paving and curbing the gutters of the same, have completed their assessment and made return of the same to my office. Any person wishing to appeal from said assessment must file their objections, in writing, in my office on or before Tuesday, the 18th day of August, 1857, at 7 o'clock, P. M., as the city council will at that time, at the council room, hear all objections to the assessment, and revise and confirm or amend the same.

August 8th.                    J. AVERY, *City Clerk.*

The certificate of the corporation printer shows that the said notice was published two weeks in the Ottawa *Free Trader*, commencing with the number of said paper dated August 8th, 1857.

The record of the proceedings of the city council shows that the assessment was confirmed at the time and place in the notice mentioned, after hearing all objections.

The warrant of the city collector was dated September 28th, 1857, and directed him to make return thereof in thirty days, and was returned and filed January 26th, 1858.

The following ordinances were introduced:

AN ORDINANCE *concerning Assessments for Public Improvements.*

SEC. 1. *Be it ordained by the City Council of the city of Ottawa,* That, whenever the city council shall deem it necessary to cause any street or public way to be paved, MacAdamized, planked, or otherwise improved, or any main drains, acqueducts or sewers to be laid, the subject shall be referred to an appropriate committee, whose duty it shall be to prepare and report to the city council the plan of such improvement, with an accurate estimate of the expenses therefor, including, in every case, the costs of making the assessment. It shall be the duty of the city surveyor to aid and assist the committee in the preparation of said report, and to make all estimates in writing; all of which shall be submitted to the city council, in connection with such report.

Sec. 2. Whenever any improvement shall be ordered, the order therefor may be in the following form:

Ordered, That —— street, from —— street to —— street, be paved (*or otherwise improved, as the case may be*) with, (*describe the manner and materials, etc.*) If the order be for a main drain or sewer, it may read as follows: Ordered, That a main drain or sewer (*as the case may be,*) be laid through and under —— street,

The City of Ottawa *v.* Macy et al.

from —— street to —— street, as follows. In either case the order may conclude as follows : And that the sum of —— be assessed upon the real estate in the division of the city benefited thereby, to defray the expenses of such improvement.

Sec. 3.  In all cases where a special assessment shall be required for the purpose of improving any public square, or to defray a part of the costs of any market grounds, public parks, or the erection of any market, or other public improvement in any part of the city, for which a special assessment may be made, the form and proceedings herein prescribed, with modifications, (if required,) may in any case be followed.

Sec. 4.  When the assessment shall be ordered, and after the committee shall have made their report and estimate of the same, the city council shall by ballot choose three reputable freeholders, residing in the city, to make the same.  Their names shall be recorded by the clerk as follows :

The city council proceeded to make choice, by ballot, of three commissioners to make such assessments.  On the first ballot *(or as the case may be,)* A. B., C. D., and E. F., received —— ballots each, *(as the case may be,)* which being a majority of all the aldermen authorized by law to be elected, they were declared duly elected as commissioners to assess the sum of —— dollars on the real estate in the division of the city benefited by the *(state the nature of the improvement,)* in pursuance of the order of the council passed ——, 185–.

Sec. 5.  The clerk shall make out notices of their appointment to the commissioners, requiring them to appear and be qualified, as such, within five days after the service of notice.  Notices shall be served by the city marshal.  Commissioners shall take the following oath, to be administered by the clerk, and entered upon or attached to the assessment roll :

The undersigned, commissioners appointed by the city council of the city of Ottawa, to assess the sum of —— dollars upon real estate by us deemed benefited by the paving of *(or otherwise improving)* —— street, *(or for such other purpose as the assessment may be made,)* in proportion to the benefit resulting thereto, as nearly as may be, we solemnly swear that we will faithfully and impartially execute our duty according to the best of our ability.          A. B.,⎫
                                                             C. D., ⎬ *Commissioners.*
                                                             E. F., ⎭
Sworn to and subscribed before me, this —— day of ——, 185–.
                                                         —— ——, Clerk.

Sec. 6.  Before entering upon their duties, the commissioners shall give at least six days' notice in the corporation paper, of the time and place of making their assessment, and they may, if necessary, adjourn from day to day.  Said notice may be in the following form :

COMMISSIONERS' NOTICE.

Public notice is hereby given, to all persons interested, that the undersigned, commissioners appointed by the city council of the city of Ottawa, to assess the sum of —— dollars on the real estate in the part of the city by us deemed benefited by the *(here state the substance of the order,)* will meet at ——, in said ——, on the —— day of ——, at the —— house of ——, clerk, for the purpose of making said assessment.                                     A. B.,⎫
                                                             C. D., ⎬ *Commissioners.*
OTTAWA, ——, 185–.                                            E. F., ⎭

The commissioners shall attach to their assessment roll a certificate of such publication, signed by the proprietor or general agent of the corporation paper.

Sec. 7. The commissioners shall be present at the time and place mentioned in such notice, for the purpose of making said assessment. When the same shall be completed, it shall be entered in a well bound book, to be provided by the city; the roll shall contain the names of the owners of real estate, when known, a description of the lots and parts of lots which may be assessed, the valuation of each, separately, and the sum of money assessed thereon. It may be in the following form :

### ASSESSMENT ROLL.

A description of the real estate in the part of the city of Ottawa deemed benefited by the paving (or otherwise, as the case may be,) —— street, (or by laying of a main drain, or otherwise, as the case may be,) with the valuation thereof, and the sums of money severally assessed thereon by the commissioners, to wit :

ORIGINAL TOWN OF OTTAWA, (or as the case may be.)

| Name of Owner. | Description. | Lot. | Block. | Valuation. | Assessment. |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Sec. 8. When the said roll shall be completed, the commissioners shall attach thereto a return, which may be in the following form :

We, the undersigned, freeholders and residents of the city of Ottawa, duly elected by the city council to assess the sum of —— dollars on the real estate in the part of said city by us deemed benefited by the paving —— street, (or by laying of a main drain or sewer, or as the case may be, following in each case the description of the improvement in the order therefor,) do hereby report and return to the city council :

That, in pursuance of said appointment, they were duly qualified before entering upon their duties, as appears by the oath recorded herein.

That they published a notice of the time and place of their meeting for the purpose of making said assessment, in the ——, corporation newspaper, for the period of six days previous to such meeting, a certificate of which publication is hereunto annexed ; that they were present at the time and place, and for the purpose designated in said notice, and did then and there and do hereby, in pursuance of said appointment, assess the said sum of money upon the real estate hereinbefore set forth and described as benefited, in the respective proportions of said sum set opposite to each lot and part of lot, respectively, in the foregoing assessment roll, having first fixed a valuation on the real estate, which is likewise set forth in said roll.

All of which is respectfully submitted.          A. B.,  ⎫
                                                  C. D.,  ⎬  Commissioners.
OTTAWA, 185-.                                     E. F.,  ⎭

Sec. 9. The commissioners shall complete their assessment and file the same in the office of the city clerk, within forty days after their appointment, unless further time shall be given them for the purpose. The clerk shall thereupon cause a notice of the return of such assessment to be published for six days in the corporation paper, and a certificate of such publication, under the hand of the corporation printer, or his general agent, shall be written upon or attached to the roll. The notice may be in the following form :

### ASSESSMENT NOTICE.

CITY CLERK'S OFFICE, ⎱
OTTAWA, ——, 185-. ⎰

Public notice is hereby given, to all persons interested, that the commissioners appointed by the city council of the city of Ottawa, to assess the sum of —— dol-

lars on the real estate in the part of the city benefited by the (*here state the sub-stance of the order*), have completed their assessment and made return thereof to my office. Any persons wishing to appeal from said assessment must file their objections, in writing, in my office, on or before Tuesday, the — day of ——, 185-, at 7 o'clock P. M., as the city council will at that time, in the council room, hear all objections to the assessment, and revise and confirm, or amend the same.

J. A., <em>Clerk.</em>

Sec. 10.   When all objections to the assessments shall have been heard, and the roll revised and corrected by the city council, an order of confirmation shall thereupon be entered by the clerk, (if such order shall be made,) which order may be in the following form, to wit:

Whereas, due notice has been given by the city clerk of the return of the assessment made by the commissioners appointed by the city council, on the —— day of ——, 185-, to assess the sum of ——dollars on the real estate in that part of the city benefited by the (*here state the nature of the assessment,*) and all objections to such assessment having been duly heard and disposed of by the city council, (or, no objections thereto having been made, *as the case may be,*) it is therefore—

Ordered, That the said assessment, as revised and corrected by the city council, be, and the same is hereby confirmed. It is further ordered, that a warrant be issued and directed to the city collector, for the collection thereof, returnable in thirty days after date.

Sec. 11.   The city collector shall have the same power in the collection of warrants as he possesses in the collection of general taxes. If any part of the assessment shall not be collected by the return day of the warrant, he shall make return thereof in the manner required for the return of general warrants. The order of sale shall be entered by the city clerk, and the sale and returns thereof shall be made by the collector in the manner prescribed for taxes. All warrants for special assessments shall be charged by the city clerk to the collectors receiving the same, and such collector shall be liable therefor in the same manner and to the same extent as he is for general taxes.

Sec. 12.   No assessment shall be deemed to be invalid in any case where the same shall be made in conformity with the proceedings and forms herein prescribed.

By order,                                    J. Avery, *City Clerk.*

Passed *February* 24, 1857.

An Ordinance *to carry into effect an Act of the General Assembly of the State of Illinois, entitled "An Act to amend the charter of the several towns and cities in this State—Approved March* 1, 1854."

Sec. 1.   *Be it ordained by the City Council of the city of Ottawa,* That in all cases where taxes assessed on any lot or real estate in this city, by the corporate authorities thereof, are not paid within the time limited, it shall be the duty of the city collector, after having given notice of such intended application, by advertisement at least thirty days previous to such application, in some newspaper published in this city, to apply to the county court of La Salle county, at the December term thereof, and cause judgment to be entered in said court against such delinquent lot or real estate, for the amount of taxes due and unpaid, and costs; and the said court shall proceed to hear and determine such application, and render judgment against such delinquent lot or real estate, in the same manner,

and the said judgment shall have the like effect, as though said delinquent list had been returned to said court by the sheriff or collector of the county, in the collection of State and county taxes; and the said court, after the entry and rendition of said judgment, shall issue a precept or order to the city collector, directing him to sell such delinquent lots or real estate at public auction, to pay said delinquent taxes and costs; and the said sale shall be made on the second Monday after said court shall have adjourned, by the city collector, at the door of the court-house in said county, the said city collector having previously given notice of said sale by advertisement, by one insertion in some newspaper published in this city.

Sec. 2. *Be it further enacted,* That in all cases where assessments have heretofore been made, or shall hereafter be made by the corporate authorities of this city, on any lot or real estate in this city, for the purpose of improving any street, sidewalk, avenue or alley, in front of or adjacent to such lot or real estate, or for any purpose whatsoever, either by ordinance, resolution or other proceeding, and such assessment shall not be paid within the time limited by the ordinance, resolution or order making such assessment, it shall be the duty of the city collector to apply to the county court of La Salle county, at any regular term thereof, and cause judgment to be entered in said court against said lot or real estate, for the amount of such assessment and costs; and said court, upon such application being made, shall render judgment against such lot or real estate, for the amount of said assessment due and unpaid, and costs, and shall issue a precept or order to the sheriff of said county, commanding him to sell said lot or real estate, or so much thereof as may be necessary to pay said judgment and costs, in the same manner and with like effect as if sold upon execution at law.

Error assigned, is, refusing to render judgment against the lots to which the objections were made.

LELAND & LELAND, and J. AVERY, for Plaintiff in Error.

O. C. GRAY, for Defendants in Error.

BREESE, J. Of the ten objections made in the County Court to which this writ of error was directed, the first and ninth are considered as abandoned by the defendants in error. In truth, the ninth objection that some of the lots assessed were church property, and therefore not subject to assessment, could not be made by these defendants, as they show no interest in that property. Nor can the eighth objection avail them, that some of the lots assessed were owned by minors, for whom no guardians were appointed, and for the same reason. The minors themselves, or their guardians for them, when appointed, can make the objection, if advisable. The tenth objection is of a nature so general as to preclude any particular inquiry into it, and we will confine ourselves to those considered meritorious.

It is alleged by the defendants that the assessment was not uniform on all the real estate in the natural division of the city benefited by the improvement.

Section two of article 8 of the charter of the city of Ottawa provides that the expenses of any improvement in the foregoing section, except side walks and private drains, shall be assessed upon real estate in any natural division benefited thereby, with the costs of the proceedings therein, in proportion, as nearly as may be, to the benefits resulting thereto. Act of Feb. 10, 1853, to charter the city of Ottawa.

It is contended that this means that all the property in the natural division must be assessed, and not alone the particular property in such division benefited by the proposed improvement. We do not regard this as a positive command to the commissioners to assess all the property in the natural division benefited. The language of the charter is not that the assessment shall be made on all the real estate of any natural division, but upon " real estate in any natural division benefited thereby." It is a limitation on the power of the commissioners, not to go out of a natural or obvious division to make assessments, but having selected the area, then to assess such property in it for taxation as will, most likely, be benefited.

The fifth objection to which the defendants' counsel has called the attention of the court, not arguing the third and fourth, is, that the city clerk did not give sufficient notice of the time and place of hearing objections to the confirmation of the assessment by the city council.

The sixth section of article 8 provides, " When the commissioners shall have completed their assessment, and made a correct copy of it, they shall deliver the same to the city clerk within forty days after appointment, signed by all the commissioners. The clerk shall thereon cause a notice to be published in one or more newspapers published in said city, for six days, to all persons interested therein, of the completion of the assessment and the filing of the roll. Time and place shall be designated for hearing objections."

It is insisted that this form of notice " to all persons interested," as under it a person may be deprived of his property, is not sufficiently special, and that the notice should contain either a description of the lands assessed, or the names of the owners of the property assessed ; that the notice is too general to effect the object intended by notice. It is a sufficient answer to this objection to say, that it conforms to the requirements of the statute ; it is general, because the statute allows a general notice. The commissioners notified all persons interested that they had assessed a certain sum on the real estate in the part of

the city benefited by graveling La Salle street, from the south side of Main street to the canal bridge, etc., and a day, hour and place named in the notice when objections to the assessment would be heard.

This notice is also in strict conformity with the form adopted by the city council, entitled, " An Ordinance concerning assessments for public improvements."

Section four of article 8 requires the commissioners to give six days' notice in one or more newspapers published in the city, of the time and place of meeting, prior to making assessments, " to all persons interested."

Now this notice could not well be specific, for it could not be known to the commissioners whose property, or what particular property, would be assessed ; and, therefore, a general notice was all the notice that could be given. If a more particular notice might have been given after the assessment, the legislature should so have required.   In their wisdom, it was not deemed necessary ; but the same phraseology is used in the sixth section.   The notice given contains a description of the property assessed, sufficiently particular to arrest the attention of the owners of lots or land in that described locality.

By the second section of the act entitled " An Act to amend the charters of the several towns and cities in this State," approved March 1, 1854, (Laws of 1854, page 22), power is given to the corporate authorities to provide, by resolution or ordinance, for " the kind and time of notice of assessments."   This notice is in conformity with the city ordinance on that subject.

The seventh objection goes to the fact, that the collector did not make return of his warrant in thirty days, as required by the ordinance of the city to which reference has been made.

The ordinance does make this requirement, but the charter does not, and are the proceedings all void if he does not so return it ?   It is a mere direction of the city council to their officer to make the return within that time and for their benefit. We cannot see how it can injuriously affect the owners, if the warrant be not returned in that time, if the direction of the council be not obeyed.

As to the fourth objection, not waived by the defendants, and yet not insisted on by them, it is sufficient to say, that the law under which the commissioners acted, does not require them to go upon and view the premises to be assessed.

The sixth objection is, that the collector's return does not show any demand for the sums assessed, nor that the owners had no goods and chattels.

Section eight, of article nine, provides, that the collector shall return the list, etc., with a certificate, signed by him, that

the taxes remain unpaid, and that he could find no goods and chattels whereon to levy and collect the amount of the tax. The return conforms to this provision.

We have held such a return conclusive of the fact stated, the officer being responsible for a false return, if it be one. *Taylor* v. *The People*, 2 Gilm. R. 351; *Job et al.* v. *Tebbets*, 5 ib. 382.

We can see no force in the objections made to rendering judgment against the lots assessed.

The judgment of the County Court is reversed, and the cause remanded, with directions to enter judgment against the lots, notwithstanding the objections.

*Judgment reversed.*