LYMAN SANDERSON

*v.*

THE CITY OF LASALLE.

1. TAXES—*return of the assessment—must be within the time prescribed.* An ordinance of the city of LaSalle, prescribing the manner of assessing property for taxation in the city, provided that the assessment should be

completed and returned to the city clerk's office by a certain day, and thereupon the clerk should give notice that objections thereto would be heard by the city council on a day designated in the ordinance : *Held*, this requirement to return the assessment by a given day, was not simply directory to the assessor, but was mandatory, and its performance indispensable to the validity of the assessment.

2. So, upon an application for a judgment against certain delinquent lots in that city, for taxes, the objection that the assessment was not returned within the time prescribed in the ordinance, was fatal to the application.

3. SAME—*effect of act of* 1853, *amendatory of the revenue law.* Nor did the act of 1853, which provided that the failure to return the assessment in time should not vitiate, cure the omission in this case, as that act had no relation to assessments for corporate purposes,—they are regulated by the revenue law of the municipality.

APPEAL from the County Court of LaSalle county; the Hon. C. H. GILMAN, Judge, presiding.

Messrs. CRAWFORD & BECK, and Mr. C. S. MILLER, for the appellant.

Mr. H. D. FOLLETT, City Attorney, and Mr. E. F. BULL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The appellee, the city of LaSalle, applied to the county court of LaSalle county for a judgment against certain delinquent lots in that city, for the general and special taxes assessed for the city thereon, for the year 1869, and for the taxes of the previous year.

Judgment was rendered against appellant's lot, against his objections then and there made, from which he appeals. We deem it necessary to consider only the 12th objection, as, disposing of that, disposes of the whole case.

The objection is, that the assessor's book was not returned to the clerk of the city on or before the 15th day of July, as provided by the ordinance of the city.

By sec. 8 of an ordinance, prescribing the manner of assessing property for taxation in the city of LaSalle, it is provided, the assessor shall finish and complete the assessment on or before the 15th day of July in each year, and shall add up, extend, certify and sign the same, and make return thereof to the clerk of the city on or before the day above named, in each year; and the city clerk shall, thereupon, immediately give notice by two publications in a weekly newspaper published in the city of LaSalle, that the assessment list for the year therein stated has been returned to him by the assessor, and is subject to the inspection of any person interested; and that, on the first Tuesday of the month of August following, at two o'clock P. M., the city council will sit as a court of appeal from said assessment, when all persons will be heard who feel themselves aggrieved by the assessment of their property; and the city council may approve, reduce, increase, alter, correct or amend such assessment, as in their opinion shall be proper and just.

It is not contended by appellee, that this ordinance is not within the chartered powers of the city. It is conceded to be, and as such, it is the law of the case, to the same extent that an act of the legislature would be, on a subject within their constitutional powers.

Appellee, however, insists that under the authority of the case of the *City of Ottawa* v. *Macy et al.* 20 Ill. 413, this provision being a part of an ordinance only, and not of the charter, that it is simply directory, and consequently not fatal. That case has no resemblance to the one before us. Here, the complaint is, that the assessment was not returned at the time required by law; there, the objection was, that the collector had not returned his warrant in thirty days as required by the ordinance. By sec. 9 of that ordinance, it was the duty of the commissioners, when they had completed the assessment, to file the same in the office of the city clerk within forty days after their appraisement, unless further time should be given them for the purpose; and the clerk was required to give

444      SANDERSON *v.* CITY OF LASALLE.    [Sept. T.,

Opinion of the Court.

notice of such return, for six days, in the corporation paper, requiring persons wishing to appeal from the assessment, to file their objections by a certain day, at which time the city council would hear all objections to the assessment, and revise and confirm, or amend the same.

This was designed for the protection of property owners, and if omitted, would doubtless have invalidated the proceedings ; but the requirement of the collector to return the warrant in thirty days, was for the benefit of the city council, and not necessarily mandatory, as no property owner could be injuriously affected by a failure of the collector to comply strictly with the requirement.

This case is very different, and is strongly put by this court in *Marsh* v. *Chesnut,* 14 Ill. 223, where the legislature makes it the imperative duty of an assessor to complete an assessment, and return the same to a particular place on or before a certain day, as in this case. It was there held, that the duty can not be dispensed with, without the consent of the party taxed, and the assessment is thereby invalid as against the owner of the land. The object of this provision in the revenue law, is identical with that of the ordinance, to afford the owner ample time and opportunity to ascertain the valuation put upon his property by the assessor, and if deemed excessive, that he may make application to the proper authority for a correction of the error. It was the intention of the law, in both cases, that some time should intervene the return of the assessment and the sitting of the tribunal having the power to revise the doings of the assessor. This interval of time is allowed the owner, the court say, to inspect the return, and prepare for the hearing of his objections to the assessment. This requisition of the statute is clearly imperative; it is made for the benefit of the owner, and can not be dispensed with without his consent. A failure to observe it may seriously injure him. The courts have no power to declare it directory merely ; such a decision would virtually deprive a party of the protection the legislature designed to afford him. The

court further say, "We have no doubt, this direction to the assessor was intended to be compulsory, and that a failure by him to comply with it, renders the assessment invalid as against the owner of the land."

In conclusion, it is further said: It is a sound and inflexible rule of law, that when special proceedings are authorized by statute, by which the estate of one man may be divested and transferred to another, every material provision of the statute must be complied with. The owner has the right to insist upon a strict performance of all the material requirements, and especially of those designed for his security, and the non-observance of which may operate to his prejudice. On this principle alone, the direction to the assessor to make his return by a given day, is compulsory, and its performance is indispensable to the validity of the assessment. Without a valid assessment, the subsequent proceedings necessarily fall, for the want of a basis on which to rest.

With equal force and propriety, may these views be urged in this case ; no difference in principle is perceived in the cases.

But it is contended by appellee, this omission is cured by the act of 1853, amending the general revenue law of the State, providing as it does, that the failure to return the assessment in time, shall not vitiate.

It will be observed, the act cited relates in no manner to assessments for corporate purposes ; they are regulated by the revenue law of the municipality. No provision like this, in the general law, has been incorporated into the ordinance, nor is it to be found in the charter of the city. The case, then, stands upon the 8th section of the ordinance cited above, and the provision therein, requiring the return of the assessment to be made on or before the day named therein, is, for the reasons given in *Marsh* v. *Chesnut, supra,* of an imperative and mandatory character, and not having been complied with, the assessment is necessarily invalidated.

For the reasons given, the judgment is reversed and the cause remanded.                    *Judgment reversed.*