THE AUDITOR GENERAL v. WILLIAM C. MAIER.

[See 87 Mich. 439.]

*Taxes—Municipal assessments—Proceedings by Auditor General.*

1. Both the charter of the city of Saginaw and the general tax law of 1889 contemplate and provide for the collection of special as well as general taxes assessed in said city by proceedings in chancery under said tax law.

2. Section 10, title 5, of the charter of the city of Saginaw, which provides that "all provisions of law respecting the return and sale of property for the non-payment of taxes for State, county, and township purposes shall apply to the return and sale of

property for the non-payment of city taxes, except as is herein otherwise provided," authorizes the return of lands delinquent for the non-payment of all city taxes, among which are taxes for city improvements, and expressly points to the method adopted in the general tax law.

3. Under section 56 of the tax law of 1889, the burden is cast upon the land-owner to show the invalidity of the taxes assessed upon his land.

4. Where a land-owner contests a tax in proceedings by the Auditor General for its enforcement under the tax law of 1889, and fails to raise the objection that two contiguous, vacant parcels should have been separately assessed, he is estopped from raising the objection on an appeal from the decree granted in said proceedings.

5. The adoption by the common council, after the completion of a street improvement, of a resolution reciting the improvement, its total cost, the apportionment of the cost among the parties interested, and the amount to be assessed upon the lands benefited, is in full compliance with section 7 of title 6 of the charter of the city of Saginaw.

Appeal from Saginaw. (Edget, J.) Argued February 1, 1893. Decided March 10, 1893.

Petition for sale of lands delinquent for taxes under Act. No. 195, Laws of 1889. Defendant appeals. Decree affirmed. The facts are stated in the opinion, and in 87 Mich. 439.

*J. M. Harris* (*G. W. Davis*, of counsel), for appellant, contended :

1. In support of the objection to the jurisdiction of the court for reasons stated in the opinion, counsel cited *Taylor v. Township of Avon*, 73 Mich. 604; Act No. 227, chap. 6, §§ 2, 5-7, Laws of 1885.

2. General tax laws do not apply to special assessments, and assessments are not " taxes," within the meaning of the Constitution of this State or of the general tax laws; citing Cooley, Tax'n (2d ed.), 207 (note 3), 208, 631 (note 3), 650, 673 (note 1); *Woodbridge v. Detroit*, 8 Mich. 274; *Motz v. Detroit*, 18 Id. 495 ; *Sharp v. Speir*, 4 Hill, 76, 82 ; *In re Mayor*, 11 Johns. 77; *Bleecker v. Ballou*, 3 Wend. 263; *City Cemetery v. Buffalo*, 46 N. Y. 506; *Patterson v. Society*, 24 N. J. Law, 385; *Sheehan v. Hospital*, 50 Mo. 155; *Denver v. Knowles*, 30 Pac. Rep. 1041; *Lima v.*

*Association*, 42 Ohio St. 128; *Church v. Fort Wayne*, 36 Ind. 338; *Society v. Providence*, 6 R. I. 235; *State v. Newark*, 36 N. J. Law, 478.

3. Defendant's lands consist of two separate, vacant descriptions, and should have been separately assessed; citing Act No. 195, § 16, subd. 4, 5, Laws of 1889; Cooley, Tax'n (2d ed.), 353, 400-402, 409, 636; *Cooley v. Waterman*, 16 Mich. 366; *Hanscom v. Hinman*, 30 Id. 419; *Wyman v. Baer*, 46 Id. 418; *Knox v. Huidekoper*, 21 Wis. 527.

*A. A. Ellis*, Attorney General, and *Charles S. Smith*, for petitioner.

GRANT, J. The proceedings in this case are the same as those which were involved in *Davies v. City of Saginaw*, 87 Mich. 439. The proceedings and tax were there held valid, and none of the questions there determined need here be referred to.

1. It is first insisted that the court below had no jurisdiction over the case, because this was a special city assessment, and Act No. 195, Laws of 1889, under which the bill is filed, does not confer upon the court the power, at the instance of the State, to adjudicate upon the validity of such special assessments, and to decree a sale of lands delinquent for non-payment thereof.

Section 26, tit. 6, of the charter,[1] provides that such taxes shall become a lien upon the premises, the same as other city taxes; that payment thereof shall be enforced and collected in the same manner as the annual taxes of said city; that for non-payment thereof the premises shall be sold in the same manner as for the non-payment of other taxes levied in the city; and that, when so collected, they shall be placed to the credit of the street improvement bond and interest fund, etc. A similar provision will be found in most city charters, and under its authority these taxes have been collected by the Auditor General, and included in

---

[1] Act No. 355, Local Acts of 1885.

95 MICH.—9.

the proceedings taken by him for the sale of lands delinquent for taxes.

It is quite common for acts of the Legislature to provide methods by which certain provisions are to be carried out by a reference to other acts. It is provided in the train-railway act that proceedings to condemn lands shall be the same as those provided in the plank-road act. How. Stat. § 3504. So, also, in the plank-road act, it is provided that any one claiming damages may have them appraised in the same manner as is prescribed by law for the appraisal of damages on the altering and laying out of public highways. Id. § 3580.

But Act No. 195 is, in express terms, made applicable to all cities and villages, where not inconsistent with their respective charters. Section 96. This section also provides that no city or village shall be entitled to payment of, or credit for, the delinquent taxes or assessments of such city or village, which are returned with other taxes, until the money has been received.

Both the charter and the general tax law contemplate and provide for this method of procedure in collecting taxes, special as well as general. We see no objection to its validity.

2. The jurisdiction of the court is next contested upon the ground that the charter contains no provision for the return of special assessments levied to pay street improvement bonds, or for the sale of lands to enforce the lien therefor. Section 10, tit. 5, provides that—

"All provisions of law respecting the return and sale of property for the non-payment of taxes for State, county, and township purposes shall apply to the return and sale of property for the non-payment of such city taxes, except as is herein otherwise provided."

This provision not only authorizes the return of lands

delinquent for non-payment of all city taxes, among which are included taxes for city improvements, but it expressly points to the method adopted in the general law.

3. The presumption is in favor of the validity of the tax, and the burden is cast upon the owner of the land to show its illegality. Section 56, Act No. 195, Laws of 1889.

4. After the completion of the improvement, the common council passed a resolution reciting the improvement, the amount of its total cost, the apportionment of the cost among the parties interested, and the amount to be assessed upon the lands benefited. This action was in full compliance with section 7, tit. 6, of the charter.

5. It appears that some of those whose names appear upon the roll as owners of some of the parcels assessed were not in fact the owners. It is therefore insisted that certain individuals were assessed for benefits, and that it is impossible to ascertain from the record what portions were assessed upon the lands, and what upon individuals. If it were true that individuals other than owners of the land were assessed for benefits, defendant's counsel would be correct in their conclusion. But it appears conclusively from the record that the lands alone were assessed for the benefits received, and that no personal assessments were made, or intended to be made.

6. Complaint is made that the defendant's lands, which consisted of two contiguous lots, should have been separately assessed. These lots were vacant, but, if they should have been assessed separately, the defendant made no objection of this character in his answer. The law precludes him from making it now. Section 56, Act No. 195, Laws of 1889.

Decree affirmed, with costs.

The other Justices concurred.