[Sac. No. 338. Department One.—June 30, 1898.]

C. B. WILLIAMS, Administrator, etc., of J. E. Magary, Deceased, Appellant, v. N. VISELICH, Respondent.

STREET ASSESSMENT—APPEAL TO CITY COUNCIL FROM ASSESSMENT—NOTICE OF APPEAL.—Under section 11 of the street improvement act (Stats. 1885, p. 156), a notice of an appeal by the contractor to the city council from a street assessment, which is signed by the city clerk and published for the requisite period of five days, is sufficient if in the following form, to wit: "Notice is hereby given that an appeal of John E. Magary, contractor for paving with basalt and curbing with granite curbing Washington street, from Hunter street to El Dorado street, in the city of Stockton, to the city council of said city from the assessment for such paving and curbing made by the street commissioner of said city, and from the diagram and warrant thereto attached, on the ground that some of the lots so assessed were assessed to the wrong persons, and for informalities of said assessment, diagram, and warrant, will be heard by said city council at its regular meeting to be held at the courtroom of Department No. One of the superior court of San Joaquin county, California, on the twenty-eighth day of May, 1888, commencing at eight o'clock P. M. of that date, or as soon thereafter as same can be heard."

ID.—PARTIES AFFECTED BY APPEAL.—Such notice is not required to be directed, *eo nomine,* to the persons who might be affected by the appeal.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing a new trial. Ansel Smith, Judge.

The facts are stated in the opinion of the court.

James H. & J. E. Budd, and J. C. Bates, for Appellant.

James A. Louttit, for Respondent.

HARRISON, J.—Action upon a street assessment.

Upon the completion of the work an assessment therefor was made by the street commissioner, from which the contractor appealed to the city council. The city council, after hearing the appeal, set aside the assessment and directed that another be made, and upon this latter assessment the present action was brought and judgment rendered in favor of the defendant.

The ground presented in support of the appeal therefrom is that the notice of the appeal to the city council from the first assessment was insufficient, and that the city council acquired no jurisdiction to hear the same, and that the assessment made under its direction created no lien upon the property of the defendant.

The notice of an appeal from any act of the superintendent of streets to the city council, which is required to be given, is defined in section 11 of the street improvement act (Stats. 1885, p. 156) as follows: "Notice of the time and place of the hearing, briefly referring to the work directed to be done, or other subject of appeal, and to the acts, determinations or proceedings objected to or complained of, shall be published for five days." The notice which was published in the present case was as follows:

"Notice is hereby given that an appeal of John E. Magary, contractor for paving with basalt and curbing with granite curbing Washington street, from Hunter street to El Dorado street, in the city of Stockton, to the city council of said city from the assessment for such paving and curbing made by the street commissioner of said city, and from the diagram and warrant there-

to attached, on the ground that some of the lots so assessed were assessed to the wrong persons, and for informalities of said assessment, diagram and warrant, will be heard by said city council at its regular meeting to be held at the courtroom of Department No. One of the superior court of San Joaquin county, California, on the twenty-eighth day of May, 1888, commencing at eight o'clock P. M. of that date, or as soon thereafter as same can be heard. Dated May 18, 1888. C. A. Campbell, Clerk of the City of Stockton."

This notice sufficiently refers to the work contracted to. be done for which the assessment was made, and also refers to the assessment as the act and proceeding of the superintendent objected to, and names the time and place at which the appeal will be heard, and was published for five days. It therefore complies with the above provisions of the statute, and authorized the city council to hear the appeal.

The objection made by the respondent to the sufficiency of the notice is that he is not mentioned therein by name, and that for this reason the council did not acquire jurisdiction to affect him or his property upon the appeal, and cites the case of *Williams v. Bergin*, 108 Cal. 166, in support thereof. That case, however, presented an entirely different state of facts from the present, and does not support his contention. In that case the notice of the appeal was by direct terms limited "to the appellants," and we held that it could not be regarded as a notice to any other than those who were named therein, saying: "It was an express notice to the appellants alone, and by its terms implied that they only would be heard, and it must be construed as a notice only to them. By reason of its limitation to the appellants it failed to be a notice to the defendant, and the supervisors acquired no jurisdiction to act upon the appeal." But a notice which is general in its terms, as in the present case, and not limited to any particular individual, is directed to all persons in the entire world who may be affected thereby; and, if the statute under which the notice is given authorizes it to be given by publication, all persons will be bound by it when so given. What is said in *Williams v. Bergin, supra*, in reference to the necessity of a notice indicating the person who is to be notified, is to be read in connection with the statute

·and with the facts of that case. The subsequent statement in the opinion, "A notice which by its terms is limited to a portion of those who may be so affected cannot be held to extend to others who may be also interested in the appeal, and is not a compliance with the statute," shows that it is not to be construed as intending to add to the terms of the notice any requirements that the statute itself has not provided for the sufficiency of the appeal. The statute does not require that the person to be affected by the appeal shall be named in the notice, and, as in many cases the persons who are affected by the assessment are named therein "unknown," it is evident that such requirement was not contemplated by the lawmakers.

The judgment and order are reversed and a new trial is directed.

Garoutte, J., and Van Fleet, J., concurred.