AUDITOR GENERAL *v.* HOFFMAN.

1. APPEAL—TAXES—OBJECTIONS NOT MADE IN ANSWER.
    Objections to a tax which were not made in the contestant's answer to the petition of the auditor general will not be considered on appeal.

2. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—WAIVER OF IRREGULARITIES.
    Where a city charter does not provide that a petition for paving or macadamizing streets shall be signed by any specific number or class of inhabitants, and does not expressly deny to the council the authority to levy a special assessment for such improvement without a petition, a landowner, knowing that a pavement is being laid, and making no objection until he files his answer to the tax petition of the auditor general, cannot complain that the petition to the council to "take immediate steps to repair and place the street in first-class condition" was not sufficiently specific.

3. SAME—RESOLUTION OF COUNCIL—NECESSARY VOTE TO PASS.
    A city charter provision that no resolution or proceeding of the common council imposing taxes or assessments, and no ordinance, shall be passed at the same meeting at which it is introduced, if there be any objection; and no ordinance shall be passed except by a two-thirds vote of the aldermen elect, —does not require a resolution imposing taxes to be passed by a two-thirds vote.

4. SAME—SPECIAL ASSESSMENT ROLL—CONFIRMATION BY COUNCIL.
    The action of the common council of a city in passing a resolution that a special assessment roll, as reported by the city engineer, "be and the same is hereby accepted and adopted," will be treated as a confirmation, under a charter provision requiring that the common council shall by resolution confirm the same.

5. SAME—PRESUMPTIONS AS TO PERFORMANCE OF DUTY.
    It will not be presumed that a common council neglected to perform its duty in reviewing and examining a special assessment roll, as required by the city charter.

6. SAME—NOTICE OF HEARING.
    A charter provision which requires notice that a special assessment roll has been completed to be given in two weekly pub-

lications of the official newspaper of the city, and allows two weeks from the first publication for filing objections, is not invalid for failure to provide reasonable notice.

7. SAME—REVIEW OF ROLL.

Where the charter requires the common council to review a special assessment roll and consider objections, it is competent for the legislature to leave the time and place of hearing to be determined by the council.

Appeal from St. Clair; Law, J.    Submitted December 4, 1902.    (Docket No. 144.)    Decided January 27, 1903.

Petition by Perry F. Powers, auditor general, for the sale of land delinquent for taxes: On objections filed by Wesley L. Hoffman.    From a decree for petitioner, contestant appeals.    Affirmed.

*Joseph Walsh* (*Beach & Benedict*, of counsel), for petitioner.

*William T. Mitchell*, for contestant.

CARPENTER, J.    Contestant appeals to this court from a decree made by the circuit court for the county of St. Clair, in chancery, overruling his objections to a special assessment on his land for macadamizing Gratiot avenue in the city of Port Huron.    Several objections to the tax are made in this court which were not contained in contestant's answer to the petition of the auditor general. These, under the authority of *Auditor General* v. *Maier*, 95 Mich. 127 (54 N. W. 640), we cannot consider.

The objections urged against the tax which are open to consideration by this court are four:

(1) That the common council of Port Huron was not asked by petition to order the macadamizing in question.

(2) That the resolution which approved the assessment roll and determined the tax to be paid by the different owners in the assessment district was not adopted by a two-thirds vote of the common council.

(3) That the assessment roll was not confirmed, as required by the charter of the city of Port Huron.

(4) That the charter of Port Huron does not provide a reasonable notice or adequate hearing to persons affected by assessments of this character.

Each of these questions will be considered separately.

1. The council was, on March 21, 1898, petitioned to "take immediate steps to repair and place in first-class condition such portions of Gratiot avenue, from the north curb line of State street to the city limits, that may, in the opinion of the superintendent of public works and the city engineer, require such repairs to place the roadway in serviceable condition during the summer months." Section 1 of chapter 17 of the charter of the city of Port Huron gave the common council authority "to levy and collect special assessments for the following purposes: *First,* to defray the costs and expenses of * * * paving * * * or macadamizing of any of the streets; * * * *second,* to defray the costs and expenses of repairing any of the streets." Act No. 381, Local Acts 1895. The section immediately following reads as follows:

"When a petition shall be presented to the common council asking for the grading, curbing, paving, graveling, claying, planking, or macadamizing of any street, lane, alley, highway, or avenue in said city, or for improving the same by a combination of any such methods, or for repairing to such an extent that a special assessment may be made therefor, or for the construction of any drain or sewer, * * * the common council shall determine by resolution as to the necessity of doing such work."

There is no provision in the charter that the petition referred to in the last section shall be signed by any specified number or class of the city's inhabitants, nor does the charter expressly deny authority to the council to levy and collect special assessments except when they are made in pursuance of a petition. The macadamizing in question was done in 1898. Contestant testified that he knew that the pavement was being laid, but raised no protest to the same, and he made his first objection on the 19th day of March, 1902, when he filed the objections under considera-

tion. Contestant cannot, under these circumstances, complain because the petition was not more explicit.

2. Did the charter require that the resolution fixing the assessment district and determining the taxes to be paid by the different owners should be adopted by a two-thirds vote of the aldermen? This depends upon the construction to be given to section 15 of chapter 7 of the charter, which reads as follows:

"No resolution or proceeding of the common council imposing taxes or assessments, and no resolution or proceeding incurring any debt or liability in excess of the sum of fifty dollars, and no ordinance, shall be passed at the same meeting at which it was introduced, if there be any objection made thereto by any of the aldermen present; and no ordinance shall be passed except by a two-thirds vote of the aldermen elect, and such vote shall be taken by yeas and nays, to be entered upon the record; and the yeas and nays shall be taken upon any question entered upon the record upon the demand of any one of the members present." Act No. 381, Local Acts 1895.

Contestant contends that the language, "except by a two-thirds vote of the aldermen elect, and such vote shall be taken by yeas and nays, to be entered upon the record," applies to resolutions or proceedings imposing taxes or assessments. We do not agree with him. In our judgment, it applies only to ordinances.

3. Was the special assessment roll confirmed, as required by the charter? The charter (chapter 17, § 7), at the time these proceedings were taken, provided:

"The common council shall review said roll, and consider the objections, and may refer the said roll back to the engineer for further revision or correction, and, when satisfied with the same, it shall by resolution confirm the same." Act No. 445, Local Acts 1897.

What was done was this: The city engineer reported that he had made out a special assessment roll for constructing the Gratiot-avenue macadamizing; that, "on completion of the same, it was duly advertised in the official paper of the city of Port Huron for two weeks, and,

no objection having been filed to the same, I have certified it, as required by the charter, and submit herewith for confirmation." The records show that the common council adopted the following resolution: "*Resolved*, that the special assessment roll '48' for paving Gratiot avenue, as reported by the city engineer, be and the same is hereby accepted and adopted." This was, in everything but in name, a confirmation, and should not be held nugatory simply because that name was not used. Nor is it to be supposed, as contestant's counsel urges, that the common council did not review or examine said roll. It should be presumed that the council did its duty.

4. Did the charter provide a reasonable notice and adequate hearing to the persons affected by the assessment? The notice required by the charter was two weekly publications in the official newspaper of the city, and two weeks from the first publication was given for the filing of objections. The authority belongs to the legislative and not to the judicial department of government to determine what notice should be given in cases of this character, and how it should be given. Courts will uphold this legislative determination unless it clearly appears to result in a denial of justice. The determination in question, in our opinion, leads to no such result, and we are referred to no authority which so holds.

It is also urged that there was no provision for the hearing of objections which might be made during these two weeks. The charter provides, as already indicated, that "the common council shall review said roll, and consider the objections." It is true that no provision is made as to when and where these objections shall be heard. We think that it was entirely competent for the legislature to leave this matter to be determined by the council. It is to be presumed that, in considering the objections, as required by the charter, the council will give a hearing suited in time and place to the exigencies of the situation. Contestant, having made no objection, is in no position to complain of improper treatment in this particular.

It results from this opinion that the decree of the court below should be affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.