PALMER v. CITY OF PORT HURON.

MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — NOTICE OF ASSESSMENT.

> Under that section of the charter of Port Huron which provides that the city engineer shall give notice when assessments for street improvements are completed, the notice need not be addressed to individuals by name, but it is enough that it is addressed "To all owners and other persons interested in" the lots abutting a certain avenue between certain streets.

Appeal from St. Clair; Tappan, J. Submitted October 6, 1904. (Docket No. 31.) Decided March 28, 1905.

Bill by Thomas W. Palmer against the city of Port Huron and others to set aside a paving assessment. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

*A. E. Chadwick* (*Chamberlain & Guise*, of counsel), for complainant.

*Joseph Walsh* and *C. A. Wagner*, for defendants.

MONTGOMERY, J. Complainant owns certain vacant land, which has been subdivided into lots, in the city of Port Huron. On the west this land abuts a highway known as "Gratiot Avenue." The city has paved said Gratiot avenue, and has assessed against complainant's property a portion of the expenses of said pavement. This suit is instituted for the purpose of setting aside said assessment. The case was heard in the court below on pleadings and proofs, and a decree granted to complainant on the ground that legal notice was not given of said assessment. The material question raised by this appeal relates to the correctness of this decision.

Complainant had no personal notice of the assessment,

and did not, in fact, know that the improvements were made or contemplated. The notice of assessment was given by publication. The material part of the notice published was as follows:

" To all owners and other persons interested in the several lots, blocks, and parcels of land described as follows, to wit: All those lots, blocks, and parcels of land lying on, and fronting, touching, or abutting that portion of Gratiot avenue lying between the south curb line of Garfield street and north line of Holland avenue in the city of Port Huron.

"Take notice:   *   *   *   You are hereby notified that an assessment has been made on all the lots, blocks, and parcels of land lying within said assessment district and liable to be assessed for said improvement under the provisions of the charter and ordinances of said city, and that a roll of said assessment is now complete, and will remain in the office of the city engineer from the date hereof until the twenty-sixth of July, 1900, for the inspection of any person or persons concerned therein, and during such time any person or persons considering him, her, or themselves aggrieved by such assessment may file in writing in said city engineer's office his, her, or their objection to said assessment roll."

The charter provision for this notice reads:

" The city engineer shall give notice that such assessment has been completed and will remain in the city engineer's office for ten days from the first publication of said notice for the inspection of all concerned."

Manifestly the notice contemplated by this provision was a notice by publication. It would appear, also, that a specific notice to named individuals was not contemplated, as it is notice that the assessment will be open to inspection by "all concerned." The notice conformed to the charter, unless we are to read into the latter a provision that the notice shall be addressed to the respective owners of the property subject to assessment by name. We do not think this charter subject to that construction. Similar charter and statutory provisions for a general notice of a review of assessments have been in force and

have been acted upon for many years. See 1 Comp. Laws, § 3195. In other States similar provisions have been construed, and notices quite as general in terms as the one before us sustained. *Williams* v. *Viselich*, 121 Cal. 314; *Kansas City* v. *Ward*, 134 Mo. 172; 1 Cooley on Taxation (3d Ed.), 630, and note.

The notice in this case was sufficient, if it came under the eye of the owner, to challenge his attention to the fact that his property was being subjected to assessment. That the assessment based upon the frontage of lots was authorized, see *City of Kalamazoo* v. *Francoise*, 115 Mich. 554. The contention that the street-railway company should have been assessed for a portion of the benefit is answered by *Boehme* v. *City of Monroe*, 106 Mich. 401. The question raised as to the sufficiency of the certificate attached to the roll is sufficiently answered by *Walker* v. *City of Detroit*, 136 Mich. 6, and *Auditor General* v. *Calkins*, 136 Mich. 1.

The decree will be reversed and the bill dismissed, with costs of both courts to defendants.

MOORE, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.