## REALTY TRUST CO. v. HARRIS et al.
### No. 7837.

Court of Civil Appeals of Texas. Austin.
April 5, 1933.

Rehearing Denied April 26, 1933.

Goggans & Ritchie and Mart W. Reeves, all of Dallas, for appellant.

Bert King, of Wichita Falls, for appellee North Texas Building & Loan Ass'n.

McCLENDON, Chief Justice.

Appellant sued appellee loan association (North Texas Building & Loan Association of Wichita Falls, Tex.), and others upon a paving certificate and to foreclose a paving lien upon a lot in San Angelo. The only issue the appeal presents is whether the paving lien was superior to a prior trust deed lien of the loan association, and this issue is narrowed down to the sole question of the sufficiency of the notice of the hearing on benefits as provided for in R. S. art. 1093.

The facts are without dispute, and so far as pertinent to the question at bar follow:

The trust deed lien was executed by Drake and wife, Drake being then the owner (actual and record) of the property. Thereafter Drake conveyed to Harris, who assumed the trust deed notes. The trust deed and deed to Harris were recorded prior to the proceedings under which the paving certificate was executed; at which time Harris was the record owner of the property, subject to the trust deed lien. The notice of hearing on benefits was by publication and was in all respects regular, and in compliance with the statute other than as regards the listing of the owner's name of the property in question. In that regard Drake was listed as owner; but the notice provided that: "All owners of property abutting upon said portions of said streets and avenues, * * * whether named herein or not, and whether the property be correctly described herein or not, as well as all others in anywise interested therein, or to be affected thereby, shall be and are duly notified, and no error or mistake in the name of any property owner, in the description of any property, in the amount of any proposed assessment, shall in any wise affect or invalidate such notice, or any assessment levies pursuant thereto, and the real and true owners of such abutting property shall be and are by such notice duly and fully notified."

Harris had actual knowledge of the hearing and executed a mechanic's lien upon the property to secure the paving certificate.

Appellee's contention, which the trial court sustained, is to the effect that the assessment was void as to it (1) because it was essential under article 1093 to name the owner or owners, of which it was one; and (2) because in any event it named as owner one who was not the record owner at the time.

In Nalle v. Eaves (Tex. Com. App.) 5 S.W. (2d) 500, 501, it was held that lienholders are owners within the meaning of article 1093, but that the statute is not invalid for failure to expressly provide for notice to them, because if it should be held that such notice were essential to the validity of the statute, "the word 'owners' as used in the statute will be construed to embrace existing lienholders and all others claiming any right or interest in and to the property against which the lien is sought to be enforced."

Although the specific point was not decided in the opinion, it was held that: "There is ample authority to sustain the proposition that notice to lienholders is not a constitutional prerequisite to superiority of lien of special assessment for street improvements." Citing a number of decisions.

In Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631, 634, a notice to Mrs. Elmendorf "and children" was held to be sufficient, although not naming the children, where the property was owned by Mrs. Elmendorf and her three children.

The following is from the opinion: "We do not think the statute can be construed to mean that it is necessary to the validity of a notice that it correctly state in every instance the name of each person who owns an interest in abutting property, for it will be noticed that no provision is made for cases in which the names are not known, and it is not reasonable to suppose that the Legislature intended that in such cases no assessment could be made. If the article of the statute is not subject to the construction that every notice must state the name of each owner correctly, then it must be construed to mean that the notice must be of such character as to reasonably apprise all owners of the contemplated improvement and

the method by which it is to be accomplished. The Legislature saw fit to expressly authorize notice by publication, and the notice given in this case must be conceded to be just as efficacious to apprise the defendants Armin, Stella, and Edward Elmendorf of what was proposed to be done, as if their names had been stated. Now, if there be no statute requiring that the names of all owners should be stated in the notice, if known, or if obtainable by the exercise of reasonable diligence, then the question arises whether the failure to state the names under such circumstances renders a notice unreasonable regardless of whether the parties are so described as to make it certain that their rights, if any they have, are to be affected."

This case was reversed ([Com. App.] 242 S. W. 185), but on an entirely different point; no allusion being made to this holding.

■ So far as we have been able to find, it has been uniformly held in other jurisdictions that where the statute does not specifically provide that the owners shall be notified by name, it is not essential that the names be stated in the notice, if the notice is otherwise sufficient to direct attention to the fact that the assessment is levied upon the specific property involved. Williams v. Viselich, 121 Cal. 314, 53 P. 807; Palmer v. Port Huron, 139 Mich. 471, 102 N. W. 996; Ottowa v. Macy, 20 Ill. 413; Hallett v. Bond Co., 40 Colo. 281, 90 P. 683; Troeger v. Roberts, 284 Mo. 363, 223 S. W. 796; Hood v. New Orleans, 49 La. Ann. 1461, 22 So. 401; 44 C. J. p. 573; 2 Page & Jones on Taxation by Assessment, § 751.

From the last-named text we quote: "In the absence of a statute specifically requiring it, it is not necessary that a notice be given to the property owners by name. It may be addressed generally to the owners of land, designated in a certain manner; as to the owners of land abutting upon a specified part of a designated street; or to the 'property owners in sidewalk district No. 6'. If the notice shows what land is to be affected, it is sufficient if it is addressed 'To whom it may concern', or to 'all interested'. * * * The notice must, however, give either the name of the property owner or such reference to his property that it may be determined thereby."

It is conceded that the Elmendorf Case is the only decision in Texas which bears directly upon the question at issue. That decision was handed down in 1920; and as already pointed out the decisions in other states appear to be uniform. We think the holdings in these decisions are sound. But were we inclined to a contrary view, we would not feel warranted in adopting it, especially in view of the fact that no amendment has been made to article 1093 calling for

any other construction than that given in the Elmendorf decision and those of other states. In following these decisions we think it is unnecessary to elaborate our views upon the question.

In so far as the trial court's judgment gave priority to the trust deed lien over the paving lien that judgment is reversed, and judgment is here rendered, giving priority to the paving lien over the trust deed lien. In other respects the judgment is not assailed and is therefore left undisturbed.

In part reversed and rendered; in part undisturbed.