| 81 | 261 |
| 107 | 667 |

## NORMAN A. MEADE v. LEVI W. HAINES.

*Taxes—Assessment—Judicial character of supervisor's duties— Board of review.*

1. A supervisor, when acting as assessor, is a *quasi* judicial officer, and in the exercise of his judicial duties he cannot be held liable in a suit at law for errors he may have made, but the injured party must resort to some direct proceeding for their correction.

2. A supervisor is not bound to take the statements of any person as to the ownership of land, nor as to the person to whom it should be assessed, but may exercise his best judgment in determining these questions.

So *held*, where, in consideration of aid furnished by a town-ship towards the construction of a bridge, the bridge company agreed to permit all tax-payers of the township to cross free of toll. A resident of an adjoining township contracted with a land-owner in the first-named township for the purchase of two acres of wild swamp land, on which he paid the taxes for one year, and passed over the bridge free, after which the super-visor refused to assess the two acres to him, on the ground that he believed that the contract was made for the purpose of securing free passage; and it is held that the case was one calling for the exercise of the judgment and discretion of the supervisor, in which the law wisely protects him.

3. A person who claims that a supervisor has wrongfully refused to assess land to him, which he claims to own, and fails to present the matter to the board of review for correction, can-not maintain a suit against the supervisor for such *refusal*, even if he could otherwise maintain his suit.

Error to Saginaw.    (Gage, J.)    Argued May 13, 1890. Decided June 6, 1890.

Case.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Trask & Smith*, for appellant.

*Hanchett, Stark & Hanchett*, for defendant.

GRANT, J.    Defendant was supervisor of the township of Thomastown from April, 1888, to April, 1889. A bridge had been constructed over the Tittabawassee river by the State Road Bridge Company.    The township paid this company $7,500 towards the construction of the bridge, and in consideration thereof the company agreed to permit all tax-payers of the town to cross over the bridge free of toll or other charge.

Plaintiff resided in Richland, an adjoining township, where he owned a farm of 200 acres.    On March 16, 1888, he made a contract with one Abbey for the purchase of a strip of land off the east side of the N. W. ¼ of the S. W. ¼ of section 30, in Thomastown, wide enough to make

two acres. The consideration was $50, of which $8 was to be paid down, and the balance to be paid in 10 years, without interest, plaintiff to pay all taxes upon the land. It was wild swamp land, and covered with water a considerable portion of the year. Plaintiff did no work upon this land, and his contract was not recorded. Such land in its wild state was assessed at $3 per acre. The whole tract, consisting of 42 acres, owned by Mr. Abbey, was assessed at $350. He had made valuable improvements on part of it. Plaintiff testified that he paid taxes on this two acres in 1887, and passed over the bridge free of toll till the fall of 1888, when the company declined to let him pass free any longer. He then took his contract to Mr. Haines, who told him that he thought plaintiff made this contract on purpose to get free toll, and that he (Haines) did not think he was entitled to assess it, and should not give him a certificate to cross the bridge. After this conversation plaintiff kept an account of the tolls paid by him until the commencement of this suit. For the recovery of this sum, $13.92, he instituted this suit, an action on the case. The circuit judge instructed the jury to render a verdict for the defendant.

The supervisor, when acting as assessor, is a *quasi* judicial officer, and in the exercise of his judicial duties he cannot be held liable in a suit at law for errors he may have made. The party injured must resort to some direct proceeding to correct the error. In the exercise of these judicial functions, assessors come within the rule laid down by eminent jurists, as follows:

" 'They who are intrusted to judge ought to be free from vexation, that they may determine without fear. The law requires courage in a judge, and therefore provides security for the support of that courage.' 'Judges have not been invested with this privilege for their own protection merely; it is calculated for the protection of

the people, by insuring to them a calm, steady, and impartial administration of justice.'" Cooley, Tax'n (2d ed.), 787.

The law under which the defendant acted required him to ascertain the taxable property of his township, the persons to whom it should be assessed, and their residence; to assess the property at its true cash value; and to enter upon his roll a full description of the real property liable to be taxed, with the name of the owner or occupant opposite thereto, if known. The law (Act No. 153, Laws of 1885, § 15), contained this provision:

"In determining the property to be assessed, and in estimating such values, he shall not be bound to follow the statements of any person, but shall exercise his best judgment."

Under this law, the defendant was not bound to take the statement of the plaintiff, nor of Mr. Abbey, as to the ownership of the property, nor as to the person to whom it should be assessed. Mr. Abbey had not parted with the title; he had only contracted to part with it. Plaintiff was not the owner; he had only contracted to become the owner at the expiration of ten years. The contract, in view of its terms and in the light of the surrounding circumstances, bore strong evidence of the *mala fides* of the transaction. The case called for the exercise of the judgment and discretion of the defendant, and in that the law wisely protects him.

Section 18, Act No. 153, Laws of 1885, under which this assessment was made, provides for a board of review to meet on the Tuesday following the third Monday of May, at which time the supervisor must submit his roll for examination and correction. This board is authorized to add names to the roll, to correct all errors in the names of persons, and to do whatever may be necessary to make the roll comply with the provisions of the law.

The plaintiff did not appear before this board, nor in any manner avail himself of its provisions, to correct the alleged erroneous assessment. This is a complete bar to his recovery here, even if he could otherwise maintain his suit. For the correction of all such errors parties must apply to the board of review.

Judgment affirmed, with costs.

The other Justices concurred.