MONROE WOLVERTON AND LILLIAN C. B. WOLVERTON v. ROBERT B. McCABE AND JAMES H. COLLINS.

81  265
e139  374

*Sale—Fraudulent representations—Rescission.*

A vendee desiring to rescind a sale for the reason that the goods are not as represented must do so at once after a reasonable time for their inspection; and if the contract is not rescinded, and goods are not as represented, the vendor can only recover what they were actually worth.

Error to Clinton. (Daboll, J.) Argued May 14, 1890. Decided June 6, 1890.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Auten & Moss* and *Norton & Brunson,* for appellants.
*Spaulding & Walbridge,* for plaintiffs.

GRANT, J. This is a suit in *assumpsit* to recover for a bill of shoes, amounting to $112.50. The suit was tried in justice's court, appealed to the circuit court, where plaintiffs recovered a verdict and judgment

against the defendants for $35, and defendants bring it to this Court by a writ of error. Defendants pleaded the general issue, and gave notice that they were induced to purchase the goods by false and fraudulent representations; that they rescinded the sale, and notified plaintiffs that they held the goods subject to their order.

The goods were ordered in November, 1887, shipped February 28, 1888, were received by defendants shortly after, and a portion of the goods sold by them. The bill became due April 15, when plaintiffs, who lived in Albany, New York, sent defendants a statement of account, but received no reply. They again wrote, saying they would draw on them April 27 if bill was not paid. A draft was drawn, and returned unpaid. On May 3, defendants wrote plaintiffs that the goods were not as good as they should be for the prices, and that they did not feel like paying until they found out how they were going to wear. Plaintiffs received and answered this letter May 4, insisting upon immediate payment, and insisting that the goods were such as ordered. Plaintiffs placed the claim in the hands of their attorney, who presented the claim and demanded payment May 29.

On June 9 defendants wrote plaintiffs, claiming to rescind the contract, and paid them $31.21 for what they had sold. Defendants gave evidence tending to show that the goods were not such as represented.

The judge instructed the jury that the defendants were entitled to a reasonable time to inspect and try the goods, but that it was their duty to rescind at once after such reasonable time, and after finding that the goods were not such as represented; and that if they found that the goods were not such as represented, and that defendants rescinded the contract upon finding that fact, then the plaintiffs could not recover.

Two questions were submitted to the jury, as follows:

" 1. Were the defendants entitled to rescind the contract?

" 2. Did they rescind within a reasonable time?"

To the first question the jury answered " Yes;" to the second, " No." The judge further instructed the jury that if the contract was not rescinded in time, and the goods were not such as represented, the plaintiffs would be 'entitled to recover what the goods were actually worth. The charge of the judge was correct on both points.

Judgment affirmed, with costs.

The other Justices concurred.