HINDS *v.* TOWNSHIP OF BELVIDERE.[1]

1. TAXES—PAYMENT UNDER PROTEST—IRREGULARITIES IN ASSESSMENT—FAILURE TO APPEAR BEFORE BOARD OF REVIEW.

In an action to recover taxes paid under protest, reliance cannot be had upon irregularities that might have been corrected by a timely application to the board of review; nor can the assessment be shown to be invalid for reasons not specified in the protest.

2. SAME.

A taxpayer must be presumed to know the powers and duties of the board of review, and the time fixed by the statute for its meeting; and he cannot excuse his failure to appear before that body by showing that he was out of the State.

3. TAXES—SALE OF LANDS TO STATE—VALIDITY OF SUBSEQUENT ASSESSMENT.

Whether, under the general tax law, lands bid off to the State for delinquent taxes, and still held by the State, can be assessed to the person who, but for such sale, would be the legal owner, and the tax collected by distress and sale of his property,—*quære.*

Error to Montcalm; Davis, J. Submitted December 6, 1895. Decided December 24, 1895.

*Assumpsit* by Henry H. Hinds against the township of Belvidere to recover taxes paid under protest. From a judgment for defendant, plaintiff brings error. Affirmed.

*Thomas F. McGarry* and *George E. Nichols,* for appellant.

*Frank A. Miller,* for appellee.

LONG, J. This action was brought to recover the amount of taxes paid by the plaintiff to the township treasurer under protest. The case was heard before the court without a jury, and the court found that the plaintiff became the owner of the lands, against which the taxes were assessed, in the years 1870, 1871, and 1872.

---

[1] Rehearing denied March 12, 1896.

and that he had not conveyed the lands away; that for the several years succeeding the times of his purchase, and up to and including the year 1887, plaintiff paid the taxes assessed against the lands for each year; that they were assessed to the plaintiff as owner up to and including the year 1888; that the taxes assessed against them for the years 1888, 1889, 1890, and 1891 were not paid, and were returned as delinquent, and the lands were advertised for sale for nonpayment of taxes, and were sold to and purchased in by the State prior to the assessment of the taxes for the year 1893, and that they have not been redeemed from said sales; that the lands were assessed as nonresident for the years 1890, 1891, and 1892; that they were assessed to plaintiff as owner for the year 1893; that on the 29th of January, 1894, the plaintiff paid to the treasurer of the township $185.48, being the amount of taxes assessed against the lands for the year 1893; and that said taxes were paid under the following protests:

"1. For the reason that these lands are assessed at an unequal and unreasonable value, as should be known to the assessing officer, and is known to him and to the board of review. It is well known that these lands are for sale, and have been for years, at much less than the valuation placed thereon by the assessor. It may be asked why, if I had an interest in these lands, I did not appear before the board of review and ask that the valuation be reduced. The answer is that during the session of that board I was not in the State of Michigan.

" 2. These lands are nonresident, and the assessing officer had no sort or shadow of authority or right to assess them to me. As an illustration of the truth of this proposition, I cite the fact that the State is carrying, on all these lands, all the tax bids since the year 1887."

Upon these facts the court entered judgment in favor of the defendant. It is claimed that the facts found do not support the judgment.

It is conceded by the plaintiff's counsel that, as a general rule, no tax can be recovered which has been paid

under protest, unless it is a nullity, and not a mere irregularity; but the complaint made is that this is an effort on the part of the township to collect out of the personal property of the plaintiff the amount of taxes assessed upon lands then belonging to the State. The tax was assessed under Act No. 200, Pub. Acts 1891. Section 3 of that act provides certain exemptions, as follows: " All public property belonging to the United States, to this State, or to any county, city, village, township, or school district within this State, save lands purchased at tax sales and still held by the State." Under this provision of the statute, defendant contends that these lands were properly assessable to the plaintiff as owner. But the contention of plaintiff is that, inasmuch as the State was the owner under the tax sales, an assessment of them to the plaintiff would deprive him of property without due process of law, and take his private property for public use without compensation, and that such act is prohibited by the Constitution of the United States. The difficulty with this contention is that the protest is not made upon any such ground. If we should hold that the protest amounted to a disclaimer of title to the lands in the plaintiff, and that it admitted the legal title to have been in the State at the time the tax was assessed and taxes paid, and the case should be determined upon that principle, it might result in estopping the plaintiff from ever after asserting title to the lands as against the State bids for those years. We apprehend that the plaintiff did not intend that such construction should be put upon his protest. In it he is careful to say that he did not appear before the board of review because he was out of the State.

From the record it does not appear that he was a nonresident of the township. His property was assessed for taxes there, and the record showed the title to the lands to have been in him. The assessment roll was sufficient notice to him that his property was assessed. *Hill* v.

*Graham*, 72 Mich. 659.   Section 19 of the act of 1891 pro-
vides for a board of review, and defines its powers and
duties.   It has power, on its own motion, or on sufficient
cause shown by any person, to correct such assessment
roll; may add the names of persons to such roll; add
the value of personal property, and the description and
value of real estate liable to assessment; correct all er-
rors in the names of persons, and all descriptions of prop-
erty upon the roll; and do whatever else may be neces-
sary to make such roll comply with the provisions of the
act.   If the plaintiff had appeared before the board of
review, and it had found any irregularity in the roll, pre-
sumably, it would have corrected it.   He did not appear,
for the reason, as he claims, that he was out of the State.
He must be presumed to have known the time fixed by
the statute for the meeting of the board, and of the
powers and duties of the board.   It is no excuse, in the
law, that he was out of the State.   He was then and there
entitled to be heard, and that was his day in court.   He
did not see fit to avail himself of the opportunity which
the statute gave him.

The tax is not invalid because the assessment was
made in the name of another person.   It was, at most, a
mere irregularity, which the board of review could have
corrected, had it been wrongfully assessed to him.   If a
person does not see fit to have his assessment corrected
and perfected when it is in his power to do so, it must
be assumed that a failure to complain is equivalent to an
admission of correctness.   *First National Bank* v. *St.
Joseph*, 46 Mich. 530.   As was said in *Meade* v. *Haines*,
81 Mich. 265, in speaking of the power of the board of re-
view:   " The plaintiff did not appear before this board,
nor in any manner avail himself of its provisions to cor-
rect the alleged erroneous assessment.   This is a com-
plete bar to his recovery here, even if he could otherwise
maintain his suit."

We are not called upon in this case to determine the

question, so persistently urged by plaintiff's counsel, that, the State having bid in the lands on sales for former years, the assessing officer had no right to assess the lands to the plaintiff, even though the statute provides that such lands shall be assessed, as that question might lead to disastrous consequences to the plaintiff, and we are unable to say that the protest is put upon that ground. The court below was not in error, in any event, in holding that plaintiff could not recover.

Judgment must be affirmed.

The other Justices concurred.