DETROIT RIVER SAVINGS BANK *v.* CITY OF DETROIT.

TAXES—ILLEGAL ASSESSMENT—REMEDY.
> The plaintiff bank applied to the board of review in the city of Detroit to assess certain real-estate mortgages owned by it, and deduct their value from the assessed valuation of its capital stock.    The board, relying upon a statute subsequently declared unconstitutional, refused to do so.    The Detroit charter (chapter 10, § 7) made it the duty of persons aggrieved to appeal from the action of the board to the common council during the period when the assessment roll was in its hands. Plaintiff took no appeal until after the constitutionality of the statute referred to had been passed upon, at which time the assessment had been confirmed by the council, and the roll had passed out of its hands.    The council refused to vacate the assessment, and plaintiff paid the tax under protest, and sought to recover back the amount so paid in an action at law. *Held*, that plaintiff could not recover.

Error to Wayne; Carpenter, J.    Submitted April 27, 1897.    Decided July 22, 1897.

*Assumpsit* by the Detroit River Savings Bank against the city of Detroit to recover taxes paid under protest. From a judgment for defendant, plaintiff brings error. Affirmed.

*Wells, Angell, Boynton & McMillan*, for appellant.

*C. D. Joslyn*, for appellee.

Moore, J. This is an action to recover city taxes for 1893, paid under protest. The bank applied to the assessors, sitting as a board of review, to deduct the value of the mortgages held by it from its capital stock. The board of review refused to do this, thinking they were obliged to make the assessment by virtue of the provisions of Act No. 26, Pub. Acts 1893. This law was declared to be unconstitutional, in the case of *Standard Life & Acc. Ins. Co.* v. *Board of Assessors of Detroit*, 95 Mich. 466. The petitioner did not appeal to the common council, before the confirmation of the assessment roll, from the action of the board of review. After the decision in the *Standard Life & Acc. Ins. Co. Case*, and after the council had confirmed the assessment made by the assessors, and the roll had passed out of their hands, the petitioner appealed to the common council for the vacation of said assessment. The council refused the prayer of the petitioner. After the tax was extended upon the roll, the collector called upon the bank to pay the tax. It was paid under protest, and suit was brought to recover that portion of it which petitioner claims was illegally assessed on account of the illegal assessment of the mortgages. The circuit judge decided the case in favor of the defendant, and plaintiff appeals.

It was the opinion of the circuit judge that it was the duty of the plaintiff to appeal from the action of the board of review to the common council; that, failing to get relief, it was the duty of the plaintiff to at once act in the matter by a direct proceeding instituted in the courts, to have the assessment corrected, and not wait until after the taxes became due, and seek to recover them back. The circuit judge held that the effect of such a proceeding would be to relieve the taxpayers of the city of Detroit, living there in 1893, of a tax which they ought to bear, and require the loss to be borne by the taxpayers of a subsequent year, who cannot justly be held to bear the burden. The charter of the city of Detroit made it the duty of the plaintiff to appeal from the action of the

assessors to the common council (section 7, chap. 10) during the period when the assessment roll was in their hands. Having failed to do this, we think the case comes within the decision made in *Michigan Sav. Bank* v. *City of Detroit,* 107 Mich. 246.

Judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., took no part in the decision.