# JANUARY TERM, 1904.*

AUDITOR GENERAL *v.* CALKINS.

| | |
|---|---|
| 136 | 1 |
| 137 | 569 |
| 136 | 1 |
| f139 | 6473 |
| 136 | 1 |
| 147 | 333 |
| 136 | 1 |
| 152 | 5 67 |

1. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — OBJEC-
TIONS—NOTICE OF HEARING—PUBLICATION—SUFFICIENCY.
   1 Comp. Laws, § 3195, requiring the city council in cities of
   the fourth class to give notice by publication for two weeks
   of the time when it will· meet to hear objections against a
   proposed public improvement, is not complied with by a pub-
   lication once in each week for two weeks, unless the time of
   hearing is two weeks after the first publication.

2. SAME—VALIDITY OF ASSESSMENT.
   Failure to give a sufficient notice of the time when the council
   will meet to hear objections to a proposed public improvement
   is not cured by 1 Comp. Laws, § 3922, providing that no tax
   shall be held invalid by reason of irregularities in any pro-
   ceeding that do not prejudice the property rights of the per-
   son taxed.

3. SAME—FORECLOSURE OF TAX LIEN.
   Objections to the want of such a notice may be raised for the
   first time to the auditor general's petition to foreclose the tax
   lien.

4. SAME—DESIGNATION OF ASSESSMENT DISTRICT.
   Resolutions of the council instructing the city engineer to
   make a plat of an assessment district, and authorizing the
   assessors "to make a special assessment roll according to"
   the plat prepared by that officer,—the same being on file with
   the city clerk, and showing the location of each lot, the lot
   numbers, and the frontage of each,—constitute a sufficient
   designation of the assessment district by the council, required
   by 1 Comp. Laws, §§ 3194, 3198.

5. MUNICIPAL CORPORATIONS—NOTICES BY COUNCIL—CITY CLERK.
   Publication of a notice by the city clerk under the instructions
   of the council·is a notice given by the council.

* Continued from Vol. 135.

6. SAME—SPECIAL ASSESSMENT ROLL—CERTIFICATE—IRREGULARI-
   TIES.
   An irregularity in the certificate of the assessors to a special
   assessment roll which has been confirmed by the council does
   not render the assessment void.

Appeal from Emmet; Shepherd, J.   Submitted November 20, 1903.   (Docket No. 76.)   Decided March 8, 1904.

Petition by Perry F. Powers, auditor general, for the sale of lands delinquent for taxes: On objections filed by Henry T. Calkins and others.   From a decree for petitioner, contestants appeal.   Reversed.

Fifteen persons, the owners of 13 distinct parcels of land, appeared in this suit, instituted by the auditor general in 1903 for the sale of lands delinquent for taxes assessed thereon, and objected to the sale, alleging that the proceedings were void.   The tax was levied for grading, paving the gutters, and filling the center of a fixed portion of a given street with gravel or crushed stone, and for crossings built of stone and brick.   The owners of seven of the lots involved joined in a petition to the common council of the city of Petoskey for this improvement, which extended on Mitchell street between two given points.   The petition was signed by 33 of the property owners on the street.   The improvement was ordered by a vote of two-thirds of the aldermen-elect.   The council, by appropriate resolution, instructed the city surveyor to make a plat including the property liable for special assessments for said improvement.   The surveyor complied with the resolution, giving the location of each lot, the lot numbers, and the frontage of each parcel.   This was duly filed in the city clerk's office, and the common council directed the clerk to give notice that the council would meet July 3, 1899, to hear objections thereto.   This notice was published in a newspaper in the city of Petoskey once in each week for two successive weeks, viz., June 21 and 28, 1899.   The council met, and, no objection being made,

authorized the board of special assessors to make a special assessment roll according to, and including the property designated in, the plat prepared by the city engineer, and ordered two-thirds of the estimated cost, viz., $3,174.68, to be assessed *pro rata* according to frontage. Notice by publication was given that the common council would meet as a board of review on August 7th to review the roll and hear objections. No one objected, and the assessment roll was accepted and adopted. This published notice was directed by name to all those interested. The roll was confirmed by the council, certified by the clerk, the proper warrant attached, and delivered to the city treasurer for collection. The unpaid assessments were included in the annual appropriation bill of 1900, and by direction of the common council were reassessed against the same lands on the general tax roll of 1900. The court sustained the validity of the tax, and ordered a sale in accordance with the statute.

The objections raised to its validity are:

1. That the common council did not designate a district, as required by statute.

2. That the council did not give the notice as required by section 3195, 1 Comp. Laws.

3. That the notice under this section, and also of the meeting of the board of review, were not published a sufficient length of time.

4. That the council did not designate the lots constituting the district to be assessed, as required by section 3198, 1 Comp. Laws.

5. That the special assessors did not make out and indorse on the said roll the certificate required by section 3200, 1 Comp Laws.

Other objections are made, but they appear to be mainly conclusions from the above objections.

*Wade B. Smith*, Prosecuting Attorney, for petitioner.

*Halstead & Halstead*, for contestants.

GRANT, J. (*after stating the facts*). The statute provides that:

"No tax assessed upon any property, or sale therefor, shall be held invalid by any court of this State on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law, or on account of the property having been assessed without the name of the owner, or in the name of any person òther than the owner, or on account of any other irregularity, informality, or omission, or want of any matter of form or substance in any proceeding that does not prejudice the property rights of the person whose property is taxed; and all proceedings in assessing and levying taxes, and in the sale and conveyance therefor, shall be presumed by all the courts of this State to be legal, until the contrary is affirmatively shown." 1 Comp. Laws, § 3922.

A publication once in each week for two weeks is not a sufficient compliance with the law, unless the time for hearing was two weeks after the first publication. The statute contemplates a notice of two full weeks. *Gantz* v. *Toles*, 40 Mich. 725; *Bacon* v. *Kennedy*, 56 Mich. 329 (22 N. W. 824). A publication upon Thursday of one week and upon Thursday of the following week of a notice that the board would meet upon Friday of the second week does not give the notice required by the statute. This defect is one of substance, within the statute above cited. Is it cured by the statute?

Section 3195, 1 Comp. Laws, provides that, before ordering any such improvement, any part of the expense of which is to be defrayed by special assessment, the common council shall make an estimate, and give notice of the proposed improvement, and of the district to be assessed, by publication for at least two weeks. It also provides that, unless a majority of the persons to be assessed shall petition therefor, it shall not be ordered except by the concurrence of two-thirds of the aldermen-elect. It would seem, under this provision, that no petition is necessary, provided that two-thirds of the aldermen-elect shall order an improvement. It does not appear that a majority of the persons to be assessed united in the petition. The case

must therefore be disposed of upon the theory that the common council have acted without such a petition.

It was obligatory upon the common council to give the notice required as a condition precedent to further action. The notice is in the nature of a summons to bring a defendant into court. Its object is to summon the interested taxpayers before the council, and give them a hearing. The notice must give the time required by the law, or else the council obtain no jurisdiction, any more than a court would obtain jurisdiction by a void service of process. The council in the inception obtained no jurisdiction on account of a void notice.

This is not a case where a court of equity will leave a party complainant to his remedy at law. The defendant is now for the first time brought into court and given an opportunity to contest the validity of the proceedings. The statute gives him the right to wait until the State moves to foreclose the tax lien upon his property, and then gives him the right to appear and make any objections which were fatal to the proceedings. He cannot, therefore, be charged with laches. If the statute, as formerly it did, gave a deed to the tax purchaser, and gave the taxpayer no opportunity to appear in court to contest it, we might then apply the rule, as in other cases, that equity will not afford him relief, but will leave him to his remedy at law.

Under this disposal of the case it would be unnecessary to determine the other questions, but, inasmuch as they are fully argued, and one of them is involved in another suit already submitted, we will decide them.

The proceeding to designate the district by instructing the city engineer to make a plat, etc., and by adopting such plat, is a sufficient designation within the statute. *Davies* v. *City of Saginaw*, 87 Mich. 439 (49 N. W. 667); *Boehme* v. *City of Monroe*, 106 Mich. 401 (64 N. W. 204); *Kundinger* v. *City of Saginaw*, 132 Mich. 395 (93 N. W. 914).

The publication of notice of hearing of objections, made

by the city clerk under the instruction of the common council, was a sufficient compliance with section 3195, 1 Comp. Laws, which requires the common council to give notice of such hearing.

The defect, if any existed, in the certificate of the assessors, does not render the assessment void. It was not a fatal defect. *Auditor General* v. *Sparrow*, 116 Mich. 574 (74 N. W. 881); *Auditor General* v. *Hutchinson*, 113 Mich. 245 (71 N. W. 514).

Decree reversed, and decree entered in this court for the defendants.

The other Justices concurred.