### WALKER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—RECORDS OF COUNCIL.

   A special assessment roll for paving a street is not required to state the width of the street intersections, the length of the pavement, or how the amount chargeable to the city was arrived at, where the records of the council and the plat filed by the city engineer show the dimensions and distances.

2. SAME—CERTIFICATE TO ROLL.

   A defect in the certificate of the assessors to a special assessment roll does not render the assessment void.

3. SAME—PLEADING—AMENDMENTS—DISCRETION OF COURT.

   Where a bill to set aside a paving tax alleged, as ground for relief, that the assessment roll failed to show that it was prepared according to charter provisions, the trial court's discretion in refusing permission to amend the bill at the close of the testimony, by setting up illegal provisions in the paving contract, was not disturbed.

Appeal from Wayne; Hosmer, J. Submitted November 20, 1903. (Docket No. 249.) Decided March 8, 1904.

Bill by Bryant Walker, trustee, against the city of Detroit and William B. Thompson, treasurer of said city, to set aside a tax sale. From a decree dismissing the bill, complainant appeals. Affirmed.

*Walker & Spalding*, for complainant.

*Timothy E. Tarsney*, Corporation Counsel (*John W. McGrath*, of counsel), for defendants.

GRANT, J. The bill in this case was filed in 1902 to set aside a tax sale made by virtue of a paving assessment imposed in 1892. The ground of illegality as charged in the bill is:

" That no certificate is attached to said assessment roll showing, nor is there anything on said assessment roll to show, that said assessment roll was prepared, and that the assessment of the property thereby assessed was made, in accordance with the provisions of the charter of the city of Detroit regulating the making of such assessments and such assessment rolls."

The case was heard on pleadings and proofs, and the bill dismissed.

The designation of the assessing district appears to have been made in the same manner as it was in *Auditor General* v. *Calkins*, in which an opinion is handed down simultaneously with this. *Ante*, 1 (98 N. W. 742). The charter provides that the cost of paving, except cross-walks and work at the intersections of cross-streets, shall be assessed on the abutting lots according to frontage. The precise objection made in the brief of counsel is that the assessment roll did not state the width of the intersections, or the length of the pavement, or how the amount chargeable against the city was arrived at. Two of the assessors signed the roll, but appended thereto no certificate showing how the assessments were made. It contained no reference to the contract under which the work was done, nor to the plat of the assessment district prepared by the city engineer.

We think the objection is met by the opinion in *Auditor General* v. *Calkins, supra.* The entire frontage appears upon the roll itself, and is easy of computation. The proper authorities determined the cost of paving the cross-walks and cross-street intersections, and also the cost of paving the street in front of adjoining lots. The record shows the estimate, made by the city engineer, of the cost of each portion of the work, and the proposal submitted by the contractor for each portion. The plat filed by the city engineer gave the entire length of the pavement, the width of the avenue, the width of each intersecting street or alley, and the frontage of each lot. It showed the total lot frontage to be 3,515.54 feet, and the frontage on each side of the street, and that the total intersections were 1,006 feet, of which 546 feet was on the east side of the avenue and 460 upon the west. It was only a matter, therefore, of computation.

At the close of the evidence counsel for complainant asked permission to amend the bill of complaint so as to allege illegal provisions in the contract for paving. This the court declined. We see no occasion to interfere with its discretion.

The decree is affirmed, with costs.

The other Justices concurred.