TRAVERSE BEACH ASS'N *v.* TOWNSHIP OF ELMWOOD.

TAXATION—ASSESSMENT—REVIEW—CORRECTION.
The board of review is the constituted tribunal for the correction of the injustice of unequal assessment, and a taxpayer who is subject to the board's jurisdiction and fails to make his appeal to that tribunal cannot later appeal to the courts for redress.  Sections 3851, 3853, and 3899, 1 Comp. Laws.

Error to Leelanau; Mayne, J.  Submitted November 8, 1905.  (Docket No. 101.)  Decided December 15, 1905.

Assumpsit by the Traverse Beach Association against the township of Elmwood for taxes paid under protest.  There was judgment for defendant, and plaintiff brings error.  Affirmed.

*Dwight D. Root,* for appellant.

*Patchin & Crotser* (*A. F. Bunting,* of counsel), for appellee.

MONTGOMERY, J.  This action was brought to recover

taxes paid under protest.    In one respect the case is similar
to the case of the same title decided at this term.    Ante,
78.    In this case, as in that, it appears that the board of
review of the township held regular sessions as required
by the statute, and that no one appeared on behalf of the
plaintiff to object to the assessment roll as made by the
supervisor.    This fact must be held decisive against the
plaintiff's claim.

There is no contention but that the plaintiff's property
was subject to assessment in the defendant township.
The sole complaint is that the assessment of the super-
visor was relatively so unequal, as compared with the
assessment of other property in the township, as to indi-
cate fraud on the part of the supervisor.    Section 3851 of
1 Comp. Laws provides for a board of review.    Section
3853 provides that the board shall, at the request of any
person whose property is assessed or of his agent, and on
sufficient cause being shown, correct the assessment as to
such property in such manner as in their judgment will
make the valuation thereof relatively just and equal.    It
is clear that this board is the constituted tribunal for the
correction of the injustice alleged by plaintiff.    We have
repeatedly held that the taxpayer who is subject to the
board's jurisdiction and who fails to make his appeal to
that tribunal cannot later appeal to the courts for redress.
*Township of Caledonia* v. *Rose,* 94 Mich. 216; *Hinds*
v. *Township of Belvidere,* 107 Mich. 664.

Section 3899, 1 Comp. Laws, providing that a tax may
be held illegal where it appears "that the supervisor or
board of review in assessing a person or property for tax-
ation, or in the apportionment of the tax to the person or
property in question, acted fraudulently," should be con-
strued with reference to and in connection with section
3853.    It cannot be held that it was intended to permit
the taxpayer to ignore the tribunal especially established
for the very purpose of enabling him and others similiarly
situated to have a correction of inequalities.    For fraud
in the board of review, or for subsequent fraud of the

supervisors, section 3899 affords a remedy, but for antecedent fraud of the supervisor the remedy is by appeal to the board of review. The provisions of section 3899 above quoted have been a part of the tax law since 1882. See Act No. 9, Pub. Acts 1882, § 85; Act No. 153, Pub. Acts 1885, § 90. The cases above cited are therefore decisive.

The judgment for defendant is affirmed.

MOORE, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.