FLETCHER PAPER CO. *v.* CITY OF ALPENA.

TAXATION — REMEDY OF TAXPAYER — BOARD OF REVIEW — EX-
    HAUSTING REMEDIES—ILLEGAL TAX—ASSESSMENT.
    Before resorting to the courts to recover taxes on the theory
        that property of another was fraudulently omitted from the
        tax roll or undervalued, the taxpayer must exhaust the reme-
        dies given him by law, as appearing before the board of re-
        view and complaining that other property was assessed too
        low, or omitted from the roll; so that plaintiff in such action
        to recover taxes paid under protest was estopped by failure to
        make timely objection before the board of review to which
        he appealed, but at the same time stated that he did not care
        to attack the undervaluation of corporate property of another
        taxpayer. BROOKE, STEERE, and McALVAY, JJ., dissenting.

Error to Alpena; Emerick, J. Submitted June 17,
1912. (Docket No. 101.) Decided October 1, 1912.

Assumpsit by the Fletcher Paper Company against the
city of Alpena for the recovery of taxes paid under pro-
test. A judgment for defendant on a verdict directed by
the court is reviewed by plaintiff on writ of error. Af-
firmed.

*Henry, Henry & Henry,* for appellant.

*F. D. Scott,* for appellee.

STONE, J. This is an action of assumpsit to recover
from the defendant a judgment for a portion of the taxes
assessed against the plaintiff's property, and which it paid
involuntarily in the city of Alpena for the year 1910, be-
cause and for the alleged reason that the real property of
the Huron Portland Cement Company was, by the assess-
ing officer of the city, and the board of review, assessed
at the sum of $150,000, whereas the fair cash value of said
property was $1,250,000; it being the claim of the plain-

tiff that there was a wilful and intentional undervaluation
and assessment of the real property of the said Huron
Portland Cement Company for the year 1910.    It de-
veloped on the trial of the case that Frank W. Fletcher,
the president of the plaintiff, appeared before the board of
review at its June session in 1910, and had knowledge at
that time of the action of the assessing officer concerning
the amount at which the plaintiff's property was to be as-
sessed for the year; that he there stated that he supposed
that the other property in the city, including his own mill
property, was assessed at 50 per cent. of its valuation, and
that to his own knowledge this really extended to the
other manufacturing plants in the city of Alpena, with
the possible exception of the Huron Portland Cement
Company, but that he did not desire to interpose any ob-
jection against its assessments, or discuss the matter be-
fore the board, stating that he was not there to discuss the
Huron Portland Cement Company.    It further appeared
with reference to the Huron Portland Cement Company's
real property that prior to bringing before the board of
review the matter the city attorney was instructed by the
board to see Mr. Fletcher, and notify him that the assess-
ment of the real and personal property of the Huron Port-
land Cement Company was to be considered by the board,
and to ascertain if he desired to appear before the board
or make any objection to its personal assessment, as made
by the comptroller.    It further appeared upon the trial
that about 2 o'clock p. m. of June 10, 1910, the city at-
torney called upon Mr. Fletcher, and informed him that
the representatives of the Huron Portland Cement
Company had been called before the board, in order
to assist the board in arriving at a conclusion as to
the proper assessment of the Huron Cement Company
property within the city of Alpena, and asked Mr.
Fletcher if he desired to appear before the board rela-
tive to the Huron Cement Company assessment; that
Mr. Fletcher informed the city attorney that he did not
desire to appear before the board on the Huron Cement

Company matter, which information was duly conveyed to the board while in session. That there may be no doubt of the correctness of the foregoing statement, we quote the following from the brief of plaintiff and appellant:

" It further appears from the record that Mr. Fletcher stated to the board of review that he was not there for the purpose of discussing the value at which the Huron Portland Cement Company's property should be assessed, stating that he had no desire to interpose any objection against any of their assessments or to discuss the same."

The charter of the city of Alpena provides for a board of review and its duties, as follows:

"The comptroller and senior supervisor of each ward in said city, and city attorney, shall constitute a board of review, three of whom shall form a quorum. They shall have power and it shall be their duty to examine said assessment and correct any errors found therein; and, on cause shown, to reduce, equalize or increase the valuation of any property found in said city rolls, and to add thereto any taxable property in said city that may have been omitted, and to value the same. They shall meet at such time and place as shall be appointed by the common council, of which time and place notice shall be given by said council at least two weeks prior to the time of meeting by publishing a notice thereof in some newspaper published in said city, and also by posting same in three public places in each ward of said city, and shall continue in session at least three days successively, and as much longer as may be necessary, at least six hours in each day during said 3 days; and any person desiring so to do, may examine his or her assessment on said roll, and may show cause, if any, why the valuation thereof should be changed; and the said board shall decide the same and their decision shall be final; and said board shall keep a record of their proceedings and all changes made by them in said roll, and their records shall be deposited with the recorder."

Before the plaintiff had concluded its case and submitted all of its proofs, the trial judge directed a verdict for the defendant. Before doing so, however, the court offered to allow Mr. Fletcher or the plaintiff to vary or

qualify Mr. Fletcher's statement to the board of review, as testified to, and upon that point counsel for plaintiff and appellant say in their reply brief:

"The court was eminently fair in offering to permit us to show that Mr. Fletcher did not do and say what was claimed he did and said, before the board of review."

The direction of the verdict for the defendant in this case was as follows:

"The plaintiff cannot recover in this case by reason of something that does not appear to be in dispute. If it is in dispute, that can be litigated. I will tell you what I mean. There is nothing any better settled in Michigan than that a man cannot complain in the courts of his own assessment, unless he has exhausted the remedies given to him in reference to such assessment at the board of review. * * * If he fails to appear at the board of review, or, if being there, does not remonstrate, and pursue in that tribunal to have his own assessment corrected, he is forever foreclosed from remedy in the courts."

The court then cited the cases of *Petoskey, etc., Gas Co.* v. *City of Petoskey*, 162 Mich. 447 (127 N. W. 345), and *Traverse Beach Ass'n* v. *Twp. of Elmwood*, 142 Mich. 297 (105 N. W. 768), and proceeded:

"These authorities state the doctrine that a man cannot pursue any remedy in court at all in regard to the assessment of his property, unless he has first exhausted his remedy which the law has given him before the tribunal created for the express purpose of determining the assessment of property. Now, this is not just exactly that proposition; but here was Mr. Fletcher, the president of the Fletcher Paper Company, before this board on the 10th day of June. He was there for the purpose of protecting his company in regard to the assessment of their property. He was also representing, at the same time, the Alpena Power Company, and for the purpose of making a showing before that board he made these statements that have been put in evidence here. He made the statement that the property of the city was generally assessed, the manufacturing property, at half its value, with the exception of the property of the Huron Cement Company, showing that he knew what the assessment was as made at that

time, as it stood then, but that he did not wish to criticise that, nor to object to it. I cannot give just the exact words. * * * Now, I say, that shows that Mr. Fletcher was fully apprised of what the assessment of the Huron Portland Cement Company was at the time; and the effect of that to him, if it was too low, was just the same as if his property was assessed too high; and it was his duty, in good faith to the board, and it was his duty under the law, to then and there protest against that assessment, or, being silent then, when he ought to have complained, he will not be heard to speak in the court now."

Thereupon the court directed a verdict for the defendant, and judgment followed.

The case has been brought here by the plaintiff upon writ of error, and the assignments of error raise the question as to whether the court erred in directing the verdict for the defendant for the reasons stated. We think the only question presented by the record is whether or not the plaintiff is estopped from claiming a remedy in the courts for the alleged unequal assessment of its own property as compared with the property of its neighbor under the circumstances as disclosed in this record. It is well settled by the repeated decisions of this court, covering a period of more than 30 years, that the board of review is the constituted tribunal for the correction of unjust or unequal assessments, and that a taxpayer who is subject to the board's jurisdiction, and fails to make his appeal to that tribunal, cannot later appeal to the courts for redress. The board of review is a tribunal provided by law in which the taxpayer may appear and contest an unequal or excessive assessment; and his failure to so appear estops him from assailing the assessment afterwards. Here it is undisputed that the president of the plaintiff understood the situation, and had an opportunity to be heard. The case is a stronger one for the defendant than it would be if the plaintiff had not appeared before the board of review. Having appeared before that tribunal, it was his duty to complain, if he had any complaint to make, of any antecedent fraud of the assessing officer. *Traverse*

*Beach Ass'n* v. *Township of Elmwood, supra.* Not only did the plaintiff have an opportunity, but he was notified by the board to investigate, and was invited to examine the very subject-matter that he is in this suit complaining of. He not only refused to enter any complaint, but in the words of this record he informed the board "that he did not desire to appear before the board on the Huron Cement Company matter." The quotation from the charter of the city shows that the action and decision of the board are final. We think that this subject has been so fully covered by our decisions that a reference to them is all that is necessary. *First Nat. Bank* v. *Township of St. Joseph,* 46 Mich. 526 (9 N. W. 838); *Williams* v. *City of Saginaw,* 51 Mich. 120 (16 N. W. 260); *Comstock* v. *City of Grand Rapids,* 54 Mich. 641 (20 N. W. 623); *Peninsula, etc., Lumber Co.* v. *Township of Crystal Falls,* 60 Mich. 510 (27 N. W. 666); *Meade* v. *Haines,* 81 Mich. 261 (45 N. W. 836); *Township of Caledonia* v. *Rose,* 94 Mich. 216 (53 N. W. 927); *Michigan Sav. Bank* v. *City of Detroit,* 107 Mich. 246 (65 N. W. 101); *Hinds* v. *Township of Belvidere,* 107 Mich. 664 (65 N. W. 544); *Detroit River Sav. Bank* v. *City of Detroit,* 114 Mich. 81 (72 N. W. 14); *Traverse Beach Ass'n* v. *Township of Elmwood, supra; Petoskey, etc., Gas Co.* v. *City of Petoskey, supra.* In *Traverse Beach Ass'n* v. *Township of Elmwood, supra,* the identical case here presented was before this court. There, as here, the complaint was that the plaintiff's assessment was relatively so unequal, as compared with the assessment of other property in the township, as to indicate fraud on the part of the supervisor, yet this court, referring to the board of review, says:

"It is clear that this board is the constituted tribunal for the correction of the injustice alleged by plaintiff. We have repeatedly held that the taxpayer who is subject to the board's jurisdiction and who fails to make his appeal to that tribunal cannot appeal to the courts for redress."

It was the duty of the plaintiff to have appeared and objected to any irregularity or any inequality of the assessment.    Having appeared, it was his duty to make his objection.    It is the claim of the appellant that all that he was required to do was to object to his own assessment under the language of the charter of the city.    We think it too narrow a construction to say that he can only object to his own assessment.    We have shown by the quotation that the powers of the board are very broad:

"They shall have power and it shall be their duty to examine said assessment and correct any errors found therein; and, on cause shown, to reduce, equalize or increase the valuation of any property found in said city rolls, and to add thereto any taxable property in said city that may have been omitted, and to value the same."

We think the trial judge reached the correct conclusion in this case, and the judgment of the circuit court is affirmed.

MOORE, C. J., and OSTRANDER and BIRD, JJ., concurred with STONE, J.

BROOKE, J.    I am unable to agree with the conclusion reached by Mr. Justice STONE in this case.    The effect of his holding is that a property owner who believes his assessment to have been placed at too high a figure is under the legal duty to appear before the board of review, and not only object to his assessment as being too high, but he is likewise bound, at the peril of being held estopped to afterwards complain, to point out to the board of review what he believes to be inequalities and undervaluations of the property of others.    In my opinion no such duty should be imposed upon the taxpayer.    It may be admitted; indeed, there is no question but that complaint must be made before the board of review in order to entitle the complaining taxpayer to relief.    The decisions cited by Mr. Justice STONE in his opinion go to this extent, but I think no further.    The records of this court show (see *Fletcher Paper Co.* v. *City of Alpena,* 160

Mich. 462 [125 N. W. 405]) that the real estate of the Huron Portland Cement Company was assessed at the sum of $800,000 for the year 1908; that the board of review for that year reduced said assessment to $10,000. That action appears to have been taken by resolution of the common council of the city of Alpena. See page 464 of opinion, 160 Mich. (125 N. W. 405), above cited. The Fletcher Paper Company thereupon sued the city of Alpena to recover its taxes paid under protest, and was permitted in that case to recover such loss as it had suffered by reason of the unlawful reduction of the assessment of the property of the Huron Portland Cement Company. In that case Mr. Justice STONE, referring to the action of the board, said:

"That board had full authority to review the action of the assessing officer. Its action was illegal, not because it attempted any forgery, but because it arbitrarily reduced an assessment from $800,000 to $10,000 admittedly fraudulently, and acting in bad faith. The basis is furnished in this case which enables the court to do exact justice to this plaintiff. The plaintiff has brought an action of assumpsit, which is an equitable action, against the city of Alpena, and it ought to recover the sum in which it has been damaged, by the unlawful and fraudulent action of the board of review."

The declaration in the case at bar, as in the case above noticed, is in assumpsit, and it charges that the plaintiff's assessment is too high by reason of the fact that the "controller and the board of review knowingly, wilfully and fraudulently omitted, neglected and refused to place the property within the city of Alpena, owned by the Huron Portland Cement Company, upon said roll."

It appears that for the year 1910 the board of review fixed the assessment of the Huron Portland Cement Company at $150,000. There is testimony in the record tending to show that its cash value is at least $500,000. In view of the record in the case of the *Fletcher Paper Co.* v. *City of Alpena, supra,* and the testimony in this record, it is, I think, obvious that the charge set out in the

declaration that the board of review fraudulently undervalued the real estate of the Huron Portland Cement Company for the purposes of taxation is well founded. The two cases relied upon by the learned circuit judge and cited with approval by Mr. Justice Stone as controlling, namely, *Petoskey, etc., Gas Co.* v. *City of Petoskey,* 162 Mich. 447 (127 N. W. 345), and *Traverse Beach Ass'n* v. *Township of Elmwood,* 142 Mich. 297 (105 N. W. 768), do not cover the point in issue. In each of the above cases the question involved was the alleged improper assessment of the plaintiff's property. In the instant case plaintiff complains of the underassessment of another. The charter provides:

"Any person desiring so to do may examine his or her assessment on said roll and may show cause, if any, why the value thereof should be changed."

It is the duty of the assessing officers and the board of review to assess property at its true cash value, and a taxpayer has a right to assume that the officials charged with this duty will in good faith perform it.

It should, I think, be borne in mind that it is an extremely ungracious act to require of a taxpayer to compel him year after year to go before the board of review and complain of the undervaluation of his neighbor's assessment. Mr. Fletcher, acting for the plaintiff, had very clearly voiced his views but two years earlier, and at the end of a vexatious law suit, had shown the fraudulent character of the assessment made upon the real estate of the Huron Portland Cement Company. He did, however, when before the board, call the attention of the board to the fact that the assessment of that company was a possible exception to the rule apparently adopted by the board of assessing manufacturing companies at 50 per cent. of their cash value. I am of opinion that in doing this he did more than was his duty. He complained of the burden imposed upon himself. Whether that burden was imposed through the overvaluation of the property of

his own company or the undervaluation of the property of his neighbor, it was clearly the duty of the board to afford him relief. Its failure to do so, in my opinion, should not now be palliated or excused by the fact that Mr. Fletcher refused to enter into an unseemly and unpleasant altercation with the board.

I am of opinion that the judgment should be reversed and the case should proceed to trial, and if, as seems clear, the fraud and bad faith of the board of review can be shown, the plaintiff should be permitted to recover such damage as it has suffered thereby.

STEERE and MCALVAY, JJ., concurred with BROOKE, J.