AUDITOR GENERAL *v.* JOHNS.

1. TAXATION—SPECIAL ASSESSMENTS—ESTOPPEL.

Owners of property who waited until proceedings were taken in the court of chancery to sell their property for nonpayment of a pavement tax, before taking steps to protect their rights, were not estopped from questioning the constitutionality of the tax which was levied under Act No. 707, Local Acts 1907, heretofore held unconstitutional. *Cote* v. *Village of Highland Park,* 173 Mich. 201 (139 N. W. 69).

2. SAME.

*Held,* also, that the persons who signed the petition for the pavement could join in proceedings to contest the assessment and were not precluded from relief by the fact that they had participated in the preliminary steps.

Appeal from Wayne; Cross, J., presiding. Submitted January 14, 1916. (Docket No. 40.) Decided March 30, 1916.

Petition by Oramel B. Fuller, auditor general, for the sale of land delinquent for taxes: On objections of Edward C. Johns and others. From a decree for contestants, petitioner appeals. Affirmed.

*Edwin S. Bartlett,* for petitioner.

*Corliss, Leete & Moody,* for contestants.

MOORE, J. The trial judge stated the issues involved in this case as follows:

"Contestants appeared in this suit, instituted by the auditor general for the sale of lands delinquent for taxes assessed thereon, and objected to the sale, alleging that the proceedings were void. The taxes were levied for paving and the assessment was made by virtue of Act No. 707 of the Local Acts of 1907. This act has been declared unconstitutional, and a similar assessment held void in the case of *Cote* v. *Village of Highland Park,* 173 Mich. 201 (139 N. W. 69).

"Petitioner contends:

"(1) That the parties who petitioned for the pavement are estopped from questioning the validity of the tax, because they asked the council to do what the council did, and that contestants cannot now complain; and

"(2) That those who did not sign the petition for the pavement are estopped from questioning the validity of the assessment because they stood by and saw the improvement made and cannot now complain.

"In the case of *Auditor General* v. *Calkins,* 136 Mich. 1 (98 N. W. 742), the notice of the proposed improvement was defective, and 7 of the 15 contestants had signed the petition for the improvement and the court says:

"'This is not a case where a court of equity will leave a party complainant to his remedy at law. The defendant is now for the first time brought into court and given an opportunity to contest the validity of the proceedings. The statute gives him the right to wait until the State moves to foreclose the tax lien upon his property, and then gives him the right to appear and make any objections which were fatal to the proceedings. He cannot, therefore, be charged with laches. If the statute, as formerly it did, gave a deed to the tax purchaser, and gave the taxpayer no opportunity to appear in court to contest it, we might then apply the rule, as in other cases, that equity will not afford him relief, but will leave him to his remedy at law.'

"In the case of *Auditor General* v. *Bishop,* 161 Mich. 117, at page 122 (125 N. W. 715, at page 717), the court says:

"'But the rule stated (estopped by laches) has usually been restricted to cases where relief has been sought in equity, and has been denied upon the principle that: "He who seeks equity must do equity," and except in drain cases, which seem to have been considered exceptional, the rule has not been applied against a defendant.'

"These cases are a complete answer to the contentions of the petitioner.

"A decree may be prepared for signature sustaining the objections of contestants to the petition of the auditor general, but without prejudice to any new proceedings to require contestants to pay for the benefits which their property has received from this improvement."

From a decree in accordance with the opinion, the case is brought here by appeal. .

Counsel for the appellant insists the village had the power to make the improvement and pay the cost by general taxation, and does not concede that this case is ruled by the *Cote Case, supra.* While in some respects the instant case is unlike the *Cote Case,* we think it clearly appears the village council was acting under Act No. 707, Local Acts 1907, in making the assessment involved in this proceeding, and the case decides such assessments are invalid.

Counsel also say:

"The law does not intend that one may receive benefits and attack the method of procuring those benefits to the burdening of others unless he seeks the protection of a tribunal established for his benefit, seasonably and before the rights of the community are affected"—citing *Michigan Savings Bank* v. *City of Detroit,* 107 Mich. 246 (65 N. W. 101); *Detroit River Savings Bank* v. *City of Detroit,* 114 Mich. 81 (72 N. W. 14); *Petoskey, etc., Gas Co.* v. *City of Petoskey,* 162 Mich. 447 (127 N. W. 345); *Fletcher Paper Company* v. *City of Alpena,* 172 Mich. 35 (137 N. W. 640).

None of those cases relate to a special assessment, but refer to the levy of a general tax, and the need of appearing before the board of review where it is claimed the assessment is too large or that some property has improperly been omitted from the assessment roll.

The question at issue here is not a new one. See *Auditor General* v. *Calkins,* 136 Mich. 1 (98 N. W. 742); *Auditor General* v. *Bishop,* 161 Mich. 117 (125 N. W. 715), and the cases there cited. The instant case is not distinguishable from those cases.

The decree is affirmed.

STONE, C. J., and KUHN, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred. OSTRANDER, J., did not sit.