CITY OF SANDUSKY *v.* ROBERTS.

MUNICIPAL CORPORATIONS—TAXATION—PAVING TAX—VALIDITY.
   A judgment in favor of a city for a paving tax, alleged
   by defendant to be invalid, is affirmed by a divided court.

Error to Sanilac; Beach (Watson), J.   Submitted
October 19, 1923.   (Docket No. 152.)   Decided February 1, 1924.

Assumpsit by the city of Sandusky against William
Roberts for a paving tax.   Judgment for plaintiff.
Defendant brings error.   Affirmed by an equally
divided court.

*Walsh & Walsh,* for appellant.

*Alex. B. Simonson,* for appellee.

BIRD, J.   Certain paving was done by plaintiff city
in front of defendant's premises on Sanilac avenue, in
the city of Sandusky.   A special assessment district
was created by the council, and defendant's premises
included therein.   Defendant refused to pay his
assessment, and this suit was begun in assumpsit to
recover the amount due under the authority of 1 Comp.
Laws 1915, § 3134.

Defendant urged several defenses affecting the
validity of the assessment.   The defenses were, however, overruled by the court and judgment rendered
for the city.

1. Exception was taken to the validity of the assessment because the annual appropriation bill of the city
contained no notice of the contemplated improvement,
as is provided by 1 Comp. Laws 1915, § 3226.   This
section provides:

"No work, or improvement to be paid by special assessment costing more than three thousand dollars, shall be ordered commenced or contracted for, nor shall any assessment be levied therefor in any year, unless the intention to make such improvement or expenditure and to defray the cost thereof by special assessment, was set forth in the last preceding annual appropriation bill: *Provided, however,* That this section shall not apply to any public improvement ordered by the council upon a petition of the owners of a majority of the land liable to be assessed for the improvement."

The plaintiff conceded that this notice had not been given in the annual appropriation bill, but it showed by its proofs that a re-assessment had been ordered by the council, under the authority of 1 Comp. Laws 1915, § 3127, and the same was afterwards made to defray the cost of the pavement, and the owners of property assessed were given an opportunity to be heard thereon. This re-assessment was based upon a petition of the owners of a majority of the lands liable to be assessed therefor, and, therefore, it is argued by the city attorney that it was unnecessary to give the notice referred to in the foregoing statute. It might be well to state that this petition was signed by the owners of a majority of the real estate which would be affected by the special assessment, and that the owners were the same as when the improvement was first initiated. The petition also expressly ratified all that had been done by the council in making the improvement. We are constrained to hold that the filing of this petition, which meets the requirement of the proviso in this statute, although delayed, validated the proceedings and gave the council jurisdiction to enforce the tax.

2. Objection is also made to the assessment because defendant's premises were not sufficiently described in the council proceedings ordering an assessment district. In the published notice of the paving improve-

ment, which was published on May 18, 1920, defendant's premises were described as:

"A lot 175.7 feet east and west by 175.7 feet north and south in the northwest corner of block 3, in Moss, Milk, Gaige and Carson plat, in the city of Sandusky, Michigan."

And the notice then proceeded, as follows:

"In pursuance of request of the common council, city surveyor, L. C. Reed, submitted plans and estimate of the cost and construction of concrete pavement, curb and gutter, 16 feet in width, to be constructed on each side of the 20-foot concrete pavement, to be built by the State highway department on Elk street from Speaker avenue north to Sanilac avenue, and thence west on Sanilac avenue to intersection of Sanilac avenue with the west line of Delaware street."

It is insisted by counsel that if there were any doubt in defendant's mind as to the specific description, that the latter one which described the improvement on Sanilac avenue would have made it clear to defendant, as his property is located on that part of Sanilac avenue described. We think it was a sufficient designation of defendant's premises under the authority of *Auditor General* v. *Calkins,* 136 Mich. 5; *Palmer* v. *City of Port Huron,* 139 Mich. 471.

In this connection it is further insisted by plaintiff's counsel that defendant was present during all the time that the pavement was being constructed, and that he was in no way misled by the defect in the description. It further appears that the publication of the notice for review of the assessment roll was too short, but inasmuch as defendant appeared before the board at the time named and was heard, and requested the board to make the assessment payable in three installments rather than two, we think his complaint in this respect is without merit.

3. Further complaint is made because the amount

226—Mich.—5.

of the special assessment exceeds the maximum amount which the statute permits to be assessed in any one year. This limit is five per cent. of the assessed value which is shown by the last preceding assessment roll (§ 3217). The trial court recognized this statutory provision and rendered judgment for only five per cent. of defendant's assessed value, and provided that the balance might be collected the following year. This section of the statute does not seek to place a limit upon the amount which may be charged as a special assessment against defendant's property, and for which the owner may be liable, but it seeks to, and does, limit the percentage which the owner may be called upon to pay in any one year. But even if the order of the court was invalid as to the balance, it would not affect the present judgment, if within five per cent. of the value of defendant's property.

There are some other questions raised, but they were not discussed upon the oral argument, and we think it will be unnecessary to consider them.

The judgment of the trial court is affirmed.

SHARPE, MOORE, and STEERE, JJ., concurred with BIRD, J.

FELLOWS, J. (*dissenting*). I am persuaded that under section 3226, 1 Comp. Laws 1915, quoted by my Brother BIRD in his opinion, the city council was without jurisdiction to make this improvement costing $26,684.89 without having before it a petition signed by the owners of a majority of the land liable for assessment or without having given notice thereof through its annual appropriation bill. I think upon principle the recent case of *Cooper* v. *City of Detroit*, 222 Mich. 360, is controlling. One or the other of these things was a condition precedent to the power of the council to act,—to its jurisdiction. Nor do I think this jurisdictional defect is within the purview of the curative statute cited by my Brother (1 Comp.

Laws 1915, § 3127). The defect here is not an "irregularity or informality in the proceedings." The council has not acted irregularly or informally. It has acted without any jurisdiction to act at all. I do not think the want of jurisdiction can be cured by the filing of a petition some six months after the work is completed, signed by the owners of a majority of the land liable for assessment and having a so-called reassessment. The petitioners might by appropriate language waive any defects as to their assessment but I do not think they could waive defendant's rights for him without his consent. To so hold would set aside this and similar mandatory provisions in city charters which are designed to afford some measure of protection to the individual taxpayer, and to restrain the unbridled expenditure of his money. To so hold would come pretty near taking the taxpayers' property without due process of law.

Nor do I think the doctrine of equitable estoppel applicable under the facts of this case which is an action brought to recover at law for the tax. The proceedings being without jurisdiction were a nullity, and defendant's silence could not give them life or validity. He lived in Sandusky and saw the improvements going on. But the record shows he protested and threatened litigation unless concessions were made, which concessions the city declined to make. In numerous cases in this court taxpayers who have seen the work progress without protest, and who seek to restrain the collection of the tax in a court of equity, have been denied relief on the ground of laches. Mr. Justice HOOKER in *Auditor General* v. *Bishop*, 161 Mich. 117, cites a large number of cases and then says:

"It is contended that this rule should not be held applicable to Bishop's land. This is a proceeding *in rem* to enforce a lien for a tax against premises upon which Bishop held a mortgage, and which, if

valid, would have priority over his mortgage. But the rule stated has usually been restricted to cases where relief has been sought in equity, and has been denied upon the principle that: 'He who seeks equity must do equity,' and except in drain cases, which seem to have been considered exceptional, the rule has not been applied against a defendant."

See, also, *Auditor General* v. *Johns*, 190 Mich. 601.

In the instant case defendant does not seek equitable relief but is defendant in an action at law brought to recover a tax assessed against him and his property. To hold that plaintiff can recover without showing a valid tax and upon proof that defendant lived in Sandusky and saw the work as it progressed is carrying the doctrine of estoppel too far. But there is another feature of the case which to my mind renders the doctrine of estoppel inapplicable. Plaintiff's counsel expressly disaffirms the right of the city to recover under the original proceedings and bases his claim on a re-assessment made on proceedings instituted six months after the work was completed. Manifestly defendant is not estopped to contest this re-assessment because he sat by while the work was done under proceedings which were admittedly a nullity.

I think the judgment should be reversed without a new trial.

CLARK, C. J., and McDONALD and WIEST, JJ., concurred with FELLOWS, J.